## UNITED STATES

v.

## Alfred E. S. O'NEILL.

## Crim. No. 78–286.

United States District Court,
E. D. Pennsylvania.

Jan. 19, 1979.

See also, D. C., 463 F.Supp. 1200.

---

Edward S. G. Dennis, Jr., and Luther E. Weaver, III, Asst. U. S. Attys., Philadelphia, Pa., for the U. S.

Alan Turner, Public Defender, Philadelphia, Pa., for defendant.

## MEMORANDUM

POLLAK, District Judge.

Count four of the superseding indictment against O'Neill, filed October 29, 1978, reads as follows:

On or about October 26, 1973, in the Eastern District of Pennsylvania, ALFRED E. S. O'NEILL, defendant herein, did knowingly make a materially false statement, in relation to an application for a loan for the First American Corporation, submitted by the defendant on or about said date, to the American Bank and Trust Company of Pennsylvania, the deposits of the bank being then and there insured by the Federal Deposit Insurance Corporation, Certificate Number 11870–2, for the purpose of influenc-ing the action of the bank to approve the loan on behalf of First American Corporation, the loan being identified by note number 0416738 in the amount of $2,900.00, in that defendant submitted to the bank, as security for the loan, Aetna Life Insurance policies number N2863465 in the name of Philip Andreola and number N2863263 in the name of Jay Segal, and represented to the bank:

(a) That the insurance policy that was submitted to the bank as security for the loan would have a future cash surrender value as set forth in the appropriate schedules attached to those policies, whereas, the defendant then and there, in truth and fact, well knew that the policies would be worthless because no premiums would be paid on those policies to the Aetna Life Insurance Company.

(b) That the named insured, Jay Segal, had signed documents purporting to assign their respective life insurance policies to the First American Corporation, whereas, the defendant then and in truth and fact, well knew that the named insured had not signed these documents of assignment.

In violation of Title 18, United States Code, Section 1014.

This count involves the same transaction as count five of the original indictment, which was filed on September 26, 1978:

That on about October 26, 1973, in the Eastern District of Pennsylvania, ALFRED E. S. O'NEILL, defendant herein, did knowingly make a materially false statement, in relation to an application for a loan for the First American Corporation, submitted by the defendant on said date, to the American Bank and Trust Company of Pennsylvania, the deposits of the bank being then and there insured by the Federal Deposit Insurance Corporation, Certificate Number 11870–2, for the purpose of influencing the action of the bank to approve the loan on behalf of First American Corporation, the loan being identified by note number 0416738 in the amount of $2,900.00, in that defendant submitted to the bank, as securi-

ty for the loan, Aetna Life Insurance policies, number N2863465 in the name of Philip Andreola, and number N2863263 in the name of Jay Segal, and stated and represented to the bank that the insurance policies that were submitted to the bank as security for the loan were in full force and effect with at least a portion of the premium having already been paid on each policy, whereas, the defendant then and there, in truth and fact, well knew that the premiums for the insurance policies deposited as security for the loan had not been paid and therefore the policies were not in full force and effect at that time.

In violation of Title 18, United States Code, Section 1014.

Defendant moves to dismiss count four of the new indictment on the ground that it violates the five-year limitations period of 18 U.S.C. § 3282.

█ Count four of the superseding indictment must be dismissed. When an indictment issued beyond the limitations period for a crime supersedes an indictment concerning the same transaction which was issued within the limitation period, the Court must scrutinize the new indictment to insure that "the second [indictment] did not broaden or substantially amend the charges made in the first." *United States v. Grady,* 544 F.2d 598, 602 (2d Cir. 1976). Stated somewhat differently, "if the defendant was indicted within time, then approximately the same facts may be used as the basis of [a superseding] indictment . . . ." *United States v. Charnay,* 537 F.2d 341, 355 (9th Cir. 1976), *cert. denied,* 429 U.S. 1000, 97 S.Ct. 527, 50 L.Ed.2d 610 (1976), quoting *Mende v. United States,* 282 F.2d 881, 883–84 (9th Cir. 1960), *cert. denied,* 364 U.S. 933, 81 S.Ct. 379, 5 L.Ed.2d 365 (1961).

In both *Grady* and *Charnay* a superseding indictment was held valid because the defendants pointed to no facts alleged in the new indictments that were not charged in the old. By contrast, O'Neill asserts that the key fact concerning his alleged offense, the misrepresentation, is different in the old and new indictments. The first indictment charged that O'Neill falsely represented that certain insurance policies were currently in full force and effect with a portion of the premium paid. The superseding indictment charges that O'Neill represented that the same insurance policies would have a future cash surrender value and that they had been assigned to him.

There is no question that the original indictment does not charge either the making or the falsity of the representation that the policies had been assigned to O'Neill. Thus, the superseding indictment "substantially amend[s]" the original indictment. Moreover, the charge that O'Neill represented that these policies would have a future cash surrender value "broaden[s]," *ibid.,* the charge that they were in full force and effect with a portion of the premium paid, because a policy on which the premium will be paid (for example, out of the proceeds of a loan) will have a future cash surrender value even if not currently in full force and effect.

The Government argues that the events charged in the superseding indictment arose out of the same transaction—the same attempt to get a bank loan by fraudulent means—and are therefore based on "approximately the same facts," *United States v. Charnay, supra,* as the events charged in the old indictment. But this similarity isn't "approximate" enough to satisfy a statute of limitations, designed to put a defendant on notice, within a specified time, of the allegations against which he must defend himself. The charge in the first indictment contains no mention of the specific misrepresentations charged in the second indictment. If anything, the first indictment would serve to draw the defendant's attention away from the misrepresentations alleged in the superseding bill.

The case most closely analogous to this comes from the California state courts, but the result there is proper under federal practice as well. In *People v. Chapman,* 47 Cal.App.3d 597, 121 Cal.Rptr. 315 (1975), defendant was timely charged with rape. In a superseding information, filed after

the limitations period had run, defendant was charged with sexual relations with a minor. The original charge dealt with the same criminal transaction as the superseding charge, but failed to allege what was a key element of the superseding information—that the victim was a minor—and the Court dismissed the superseding information. The original indictment against O'Neill similarly fails to allege certain key elements of the offense with which he is now charged—namely, the newly alleged falsehoods.

■ The Government suggested at argument that the analysis of whether two or more misrepresentations constitute the same crime for the purpose of determining whether an indictment is duplicitous ought to be the same as the analysis of whether two different misrepresentations constitute the same crime for purposes of the statute of limitations. The difficulty with the argument is that, in the context relevant here, statutes of limitations serve a function different from the function served by the prohibition on duplicity. Statutes of limitations are intended to insure, *inter alia*, that a defendant receives notice, within a prescribed time, of the acts with which he is charged, so that he and his lawyers can assemble the relevant evidence before documents are lost, memory fades, etc. By contrast, the duplicity doctrine is intended to minimize confusion as to what issues, with what interrelationship, will be presented to the decisionmaker at trial. See, e. g., *United States v. Starks*, 515 F.2d 112 (3d Cir. 1976).

■ In count four of the superseding indictment, defendant is charged with two misrepresentations, in aid of a single loan application, in one count. This count fairly informs the defendant of all facts against which he must defend himself, and, with the proper jury instructions, may fairly guide the jury in its deliberations; hence, this count is not duplicitous. See *United States v. O'Neill*, 463 F.Supp. 1200, Crim. 78–286 (E.D.Pa. filed Jan. 18, 1979). These alleged misrepresentations, however, were not charged in count five of the original

indictment, which alleged a single, different misrepresentation (albeit in aid of the same loan application). The original indictment, alleging a single misrepresentation, could not have put the defendant on notice that he might face a revised indictment alleging two quite different misrepresentations. The original indictment therefore did not toll the statute of limitations concerning the charges contained in count four of the superseding indictment. And, therefore, count four of the superseding indictment is time-barred.

Because the crime charged in count four of the superseding indictment is not the same as the crime charged in count five of the original indictment, I need not consider whether, even if the charges were the same, the fact that the original indictment was dismissed a few hours before the superseding indictment was handed up would nevertheless have meant that the statute of limitations had run, or whether, as the Government urges, the charge would have been "saved" by virtue of 18 U.S.C. § 3288.

For the above reasons, count four of the superseding indictment must be dismissed.