UNITED STATES of America, Appellee,

v.

Frank GENGO, Defendant-Appellant.

No. 114, Docket 86–1263.

United States Court of Appeals,
Second Circuit.

Argued Nov. 12, 1986.

Decided Dec. 22, 1986.

Arthur J. Viviani, Higgins & Viviani, New York City, for defendant-appellant.

Peter B. Sobol, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Kenneth Roth, Asst. U.S. Atty., New York City, of counsel), for appellee.

Before KAUFMAN, WINTER and MAHONEY, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

As government prosecutors seek to bring defendants to trial on appropriately drawn charges, they frequently have need to revise their initial indictments. The law must seek to accommodate both the duty of the government to prosecute alleged criminal activities fully and the right of defendants to have timely notice of the charges against them to enable them to marshal a defense.

We are called upon to decide whether the conspiracy charge in the superseding indictment on which appellant Frank Gengo was tried was so substantially changed from the charge in the original indictment as to time-bar his prosecution for conspiracy to evade federal income taxes and to

defraud the IRS. Additionally, appellant asks us to decide whether a defect in a supplemental jury instruction at the trial warrants reversal of his conviction.

## FACTS

The original indictment against Gengo was filed in the Southern District of New York on April 11, 1985. Count One charged Gengo and Frank Maugeri with conspiracy to evade Maugeri's federal income taxes for 1977 and 1978. Count Two charged Maugeri with the substantive offense of attempting to evade his federal income taxes for 1978 by means of a fraudulent payment scheme, described in Count One, and by filing a fraudulent income tax return for 1978.

The conspiracy count identified Maugeri both as a sales representative for Spartan Health Care Products and as an independent hospital supplies salesperson. It described Gengo as a principal of Lennon-Peek Surgical Company, Inc. ("Lennon-Peek"), a hospital supplies distributor. This count also alleged that Gengo maintained a checking account in the name of G & S Supply Co. ("G & S").

The conspiracy count charged that Maugeri and Gengo carried out their plans in two ways. It alleged, first, that Gengo induced Lennon-Peek to issue checks to the order of fictitious payees. The checks were given to Maugeri as payments for hospital supplies. Maugeri then deposited them into his personal bank accounts or cashed them. The second allegation was that some of Maugeri's customers were induced to pay him in the form of checks made out to G & S, while Gengo provided G & S sales invoices to Maugeri. Gengo then deposited the checks, remitting 90% to 95% of the face amounts to Maugeri and retaining the rest as his "commission." By means of these two contrivances, Maugeri allegedly concealed over $92,000 in income on his returns for 1977 and 1978, thereby evading personal income taxes of more than $44,000.

The conspiracy count specified ten overt acts that allegedly furthered the conspir-

acy. Eight acts involved the signing by Gengo, and endorsement by Maugeri, of four Lennon-Peek checks made to the order of fictitious parties between July 24, 1975 and June 17, 1978. The remaining two acts alleged were Maugeri's filing of his tax returns for 1977 and 1978.

On May 2, 1985, a superseding indictment was returned. It included a new substantive count charging Gengo with making false statements to the IRS in 1983 for the purpose of concealing the plan. In addition, these false statements became another conspiratorial means, and one of them became a new overt act. A new allegation about the conspiratorial objects charged that the defendants conspired to make false statements and to defraud the IRS (Count One, paragraphs 5(a) and (c)).

A second superseding indictment, returned on June 11, 1985, added a single overt act to the conspiracy count—Maugeri's negotiation of the Treasury check representing the refund he claimed on his false 1978 return.

A third superseding indictment, returned on July 2, 1985, added a new defendant to the conspiracy count, Maryann Maugeri, Frank's wife. It also corrected the commencement date of the alleged conspiracy. In the previous indictments, this had mistakenly been set in April, 1979, although those indictments included ten overt acts between July 24, 1975 and February 28, 1979.

On May 30, 1985, Gengo moved to dismiss the conspiracy count in the first superseding indictment. Subsequently, counsel agreed to direct the motion to the third superseding indictment. Gengo contended that his allegedly false statements to the IRS in 1983 were not part of the original conspiracy. Because the six-year statute of limitations on the original conspiracy had run by the time the indictment proceeded to trial, Gengo maintained that his prosecution was time-barred.

Denying the motion, the district court noted that whether the statements were in furtherance of the conspiracy was a jury

question. The court then held that, even assuming that the 1983 statements were not in furtherance of the conspiracy, the original indictment was timely filed because the six year statute of limitations applicable to the conspiracy did not run from the February, 1979 actual filing date of the 1979 tax return, but from April 15, 1979, the last date by which the return was required to be filed. Thus, the statute was properly tolled when the original indictment was filed. The court further ruled that the tolling was not affected by the filing of the superseding indictments because the addition of the overt acts did not broaden the original conspiracy charge in any way. The court concluded that the conspiracy charges against the defendants were not time-barred.

At the conclusion of the government's case, Judge Brieant dismissed Count Four, charging Gengo with the false statement to the IRS in 1983, on the ground that its falsity had not been adequately proven. The corresponding overt act and related allegations as to means and object were accordingly stricken from the conspiracy charge.

On May 21, 1986, after a six-day jury trial, Gengo was convicted of the conspiracy to defraud the IRS, to attempt to evade Maugeri's taxes and to file Maugeri's false tax return. Gengo was sentenced to imprisonment of one year and a day and a fine of $5000.

## I.  STATUTE OF LIMITATIONS

Gengo contends that the third superseding indictment so substantially broadened the charges that it should have been brought separately, and that, accordingly, his trial was in violation of the statute of limitations. We disagree.

Gengo's appeal is not based on the added overt act of making false statements to the IRS, as it was in the district court, presumably because Judge Brieant eventually struck the overt act. Instead, Gengo now rests his claim that the statute of limita-

tions was violated on two other changes in the superseding indictments: the corrected time frame of the conspiracy and the new objects of the conspiracy, specifically, the object of defrauding the IRS.

When an indictment is filed, the statute of limitations is tolled on the charges set forth in the indictment. *United States v. Grady*, 544 F.2d 598, 601 (2d Cir.1976). Any superseding indictment filed while the original indictment is still pending is timely, if it does not broaden or substantially amend the original charges. *Id.* at 601–02; *United States v. Panebianco*, 543 F.2d 447, 454 (2d Cir.1976), *cert. denied*, 429 US. 1103, 97 S.Ct. 1128, 51 L.Ed.2d 553 (1977).

This rule follows the contours of the policy underlying all statutes of limitation. "[T]he principal functions of statutes of limitation ... are 'to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far distant past.'" *Id.* at 454 n. 6 (quoting *Toussie v. United States*, 397 U.S. 112, 114–15, 90 S.Ct. 858, 859–60, 25 L.Ed.2d 156 (1970)). Thus, notice to defendants is at the core of the limitations doctrine. A timely, pending indictment serves this doctrine by apprising a defendant "that [he] will be called to account for [his] activities and should prepare a defense." *United States v. Grady*, 544 F.2d at 601 (citing *United States v. Marion*, 404 U.S. 307, 322–23 and n. 14, 92 S.Ct. 455, 464 and n. 14, 30 L.Ed.2d 468 (1971)).

Similarly, notice is the touchstone in deciding whether a superseding indictment substantially changes the original charges. Here, the initial indictment informed Gengo that he would have to account for his alleged role in helping Maugeri evade his 1977 and 1978 taxes. The later addition of the conspiratorial object to defraud the IRS related to, and only to, these evasion schemes.[1] Specifically, the initial indict-

---

1. The other additional conspiratorial object, filing a false tax return in violation of 26 U.S.C.

ment notified Gengo that he was accused of giving Lennon-Peek checks made out to fictitious payees and blank G & S sales invoices to Maugeri, both with the purpose of enabling Maugeri to evade his taxes for 1977 and 1978. Thus, the amended conspiracy charge rested on the same factual allegations as the first and required no preparation of new evidence or defenses on Gengo's part. *See United States v. Gerstner,* 548 F.Supp. 348, 349 (S.D.N.D.1982) (superseding indictment is not time-barred because defendant was not called upon to address any new factual accusations or exposed to additional penalties.)

Moreover, the initial indictment gave Gengo full notice of the time frame during which he was alleged to have conspired with Maugeri. Although the first indictment contained an error as to the time span of the alleged conspiracy, the ten overt acts charged in that indictment all occurred within the period that the third superseding indictment described as the period of the conspiracy. Accordingly, the corrected time frame of the third superseding indictment did not broaden the scope of the conspiracy charged.

In sum, because the first indictment against Gengo charged him with the same conspiracy for which he was eventually tried and convicted, his prosecution was not time-barred.

## II. THE SUPPLEMENTAL CHARGE TO THE JURY

■ Gengo also challenges Judge Brieant's supplemental charge to the jury concerning the statute of limitations. Judge Brieant's main charge instructed the jury that they must find that at least one overt act was committed by one of the defendants in furtherance of the conspiracy and within six years of the initial indictment. However, in a supplemental charge, when he clarified the six year limitation, Judge Brieant neglected to repeat that the overt act must have been committed "in furtherance of the conspiracy." Appellant failed to object at that time. Nonetheless, Gengo now seeks reversal of his conviction, contending that Judge Brieant's omission constituted plain error. In our view, no reversible error was committed.

We have previously noted that "the legal sufficiency of the supplemental charge must be assessed in the context of the instructions as a whole." *United States v. Velez,* 652 F.2d 258, 261 (2d Cir.1981).[2] Viewing Judge Brieant's supplemental charge in light of the totality of the jury instructions, we find no error. In his main charge, Judge Brieant on at least four occasions defined an overt act as an act committed in furtherance of the conspiracy. He also warned the jurors not to take any single instruction out of context. When the jury asked the judge for a clarification, only twenty minutes had passed since the main charge had been given.

Finally, the omission here cannot possibly have prejudiced the appellant. Gengo argues that, if the jury had followed only the supplemental instruction, it might have neglected to consider whether the relevant

§ 7206(1), is a lesser included offense of tax evasion in violation of 26 U.S.C. § 7201, which was charged from the outset. *See United States v. Gerstner,* 548 F.Supp. 348, 349 (S.D.N.Y.1982) (a superseding indictment charging a violation of § 7206(1), as well as repeating the original charge of a violation of § 7201, does not expose defendant to additional criminal penalties).

**2.** In *Velez,* we held that the district judge's refusal to correct his supplemental instructions to include "willful membership" as an element of conspiracy was a ground for reversal of the appellant's conviction. Factors not found here that shaped the decision there included: the requested clarification was for "all of the counts;" there was an immediate defense objec-

tion to the omission of an essential element of the crime of conspiracy; the judge refused to correct the charge; the request came after a day-and-a-half of jury deliberation when the jurors were clearly having difficulty understanding the elements of the charge; and the judge did not caution the jury that the supplemental charge should be taken in the context of the entirety of the instructions. Most importantly, the element omitted in the instruction, the willfulness of the defendant's membership, was the crux of the appellant's vigorously argued defense, namely, that she was not a knowing participant in the conspiracy. *United States v. Velez,* 652 F.2d at 261-62.

overt act was in furtherance of the conspiracy. This contention is clearly unreasonable, not only in light of Judge Brieant's four complete definitions of an overt act, but also because of the nature of the act itself. Having found the existence of a conspiracy to evade taxes and to defraud the IRS, the jury could not reasonably have concluded that Maugeri's cashing of the very refund check that was generated by his false return was not an act in furtherance of the conspiracy.

We will not overturn a sound conviction when a district judge may have inadvertently omitted a phrase in repeating a portion of an otherwise thorough jury charge where there is no evidence that the appellant was prejudiced by the omission.

The district court's judgment of conviction is affirmed.