UNITED STATES of America

v.

Nelson ITALIANO.

No. 88–259 CR–T–10(B).

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 18, 1988.

---

Terry A. Zitek, Chief, Crim. Div., U.S. Attorney's Office, Tampa, Fla., for U.S.

John R. Lawson, Tampa, Fla., for Italiano.

## ORDER

HODGES, Chief Judge.

Before the Court is defendant Nelson Italiano's alternative motion to dismiss the indictment. Defendant was originally tried and convicted of one count of mail fraud, 18 U.S.C. § 1341. The Court of Appeals vacated defendant's conviction on the ground that the indictment failed to allege that either the County or State were defrauded of money or property by the defendant; it alleged only that the citizens were defrauded of their right to good government. *United States v. Nelson Italiano*, 837 F.2d 1480 (1988). Defendant was subsequently reindicted on the same charge of mail fraud. Defendant seeks to dismiss this new indictment on the basis that the statute of limitations has expired, preventing the return of the subsequent indictment, and that the indictment fails to state the offense of mail fraud. For the reasons stated below, defendant's motion must be denied.

■ Essentially, defendant contends that the subsequent indictment is barred by the statute of limitations because it alleges "new facts" outside the scope of the original indictment. The original indictment charged that defendant defrauded the citizens of both the County and State of their right to good and honest government. In the subsequent indictment, the "new facts" alleged are that defendant defrauded the County and State of a cable television franchise and the value of bribes as well as the salaries paid to Hillsborough County Commissioners.

Though the statute of limitations bars prosecutions after five years, 18 U.S.C. § 3282, a subsequent indictment will not be untimely if it falls within the ambit of 18 U.S.C. § 3288 which provides:

> Whenever an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury, or any indictment or information filed after the defendant waives in open court prosecution by indictment is found otherwise defective or insufficient for any cause, after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment ...

The decision in *United States v. Charnay*, 537 F.2d 341 (9th Cir.1976) interprets § 3288 such that "approximately the same facts may be used for the basis of any new indictment in the next term, if the earlier indictment runs into legal pitfalls." 537 F.2d 341, 354 (9th Cir.1976) quoting *Mende v. United States*, 282 F.2d 881, 883–884 (9th Cir.1960). By substituting "money and property" for the citizens' right to honest government as the basis for the mail fraud indictment, defendant argues that the government has not used "approximately the same facts."

The Court finds that approximately the same facts were used in the subsequent or present indictment, and that the indictment is timely in light of § 3288. The defendant's narrow focus on the different language of the two indictments obscures their similarities. The new indictment does not allege a new or different scheme to defraud. Moreover, defendant is not charged with a new crime, based upon a different facts not found in the original indictment. Rather, the basic factual allegations of the two indictments are the same: an alleged scheme to bribe members of the Board of the Hillsborough County Commissioners in order to obtain a cable television franchise agreement.

Defendant seeks to invoke the phrase "approximately the same facts" to proscribe any changes in the subsequent indictment. However, the Court is not confined to simply matching the language of

the indictments as defendant might contend. *United States v. Lytle*, 677 F.Supp. 1370, 1375 (N.D.Ill.1988). If that were true, then § 3288 would seem to have little, if any, area of operation in correcting defects. Instead, § 3288 provides that a subsequent indictment may "remedy the legal deficiencies present in the first." *United States v. Charnay, supra*, at 354.

The concept of notice to the defendant is a central purpose of the statute of limitations. *United States v. Gengo*, 808 F.2d 1, 3 (2nd Cir.1986). The statute of limitations compels that defendants be timely charged in order to prevent their "having to defend themselves against charges when the basic facts may have become obscured by the passage of time". *Toussie v. United States*, 397 U.S. 112, 114, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970). In turn, "an indictment serves this doctrine by apprising a defendant 'that [he] will be called to account for [his] activities and should prepare a defense.'" *United States v. Gengo, supra*, quoting *United States v. Grady*, 544 F.2d 598, 601 (2nd Cir.1976). A subsequent or superseding indictment violates the statute only when it introduces substantial changes of which the defendant did not receive notice in the original indictment. *United States v. Gengo, supra*.

Though defendant argues to the contrary, the case before the Court is not similar to the situation found in *United States v. O'Neill*, 463 F.Supp. 1205 (E.D. Pa.1979). In that case, the original indictment alleged a single misrepresentation of "knowingly making a materially false statement" in applying for a loan. *Id.* at 1208. The superseding indictment, however, introduced new facts not found in the original. The original indictment was broadened such that two new and different misrepresentations in aid of the loan application were alleged.

By contrast, the underlying facts supporting the charge of mail fraud in this case have remained the same in both indictments. There has been sufficient notice of the facts and charge. For example, Judge Owens' dissent in *Italiano* observed that

A plain reading of this indictment would have informed appellant that he had been charged with using the United States' mails in furtherance of a scheme to bribe county commissioners to award a cable television franchise to Coaxial based not on the competitiveness of the company's bid but rather upon Coaxial's bribe.

*United States v. Italiano*, 837 F.2d 1480, 1492 (1988). The subsequent indictment does nothing to broaden or expand this "plain reading." The new theory of the case does not introduce new facts outside the scope of the original notice provided by the first indictment. Thus, the new indictment does not violate the statute of limitations.

■ Defendant's alternative basis for dismissing the indictment is that the new indictment fails to state the offense of mail fraud. The new indictment alleges that the defendant participated in a bribe scheme to defraud Hillsborough County of "money and property:" (1) cable television franchise; (2) salaries of elected officials; and (3) the value of bribe proceeds. In contrast, the original indictment charged that the bribe scheme sought to deprive citizens of their intangible right to "unbiased services" of County Commissioners and to have the County's business conducted "honestly" and "free from deceit."

In *McNally v. United States*, the Supreme Court held that the mail fraud statute, 18 U.S.C. § 1341, was limited to the "protection of property rights." 483 U.S. 350, ——, 107 S.Ct. 2875, 2881, 97 L.Ed.2d 292, 302 (1987). The present question, therefore, is whether a cable television franchise, salaries, or bribe proceeds qualify as "money and property" under § 1341. In regard to the cable television franchise, the Court finds that it clearly qualifies as "property" whether characterized as tangible or intangible property. The property status of the salaries and bribe proceeds, however, is less clear. *McNally, supra*, at —— n. 10, 107 S.Ct. at 2890 n. 10, 97 L.Ed.2d at 313 n. 10 (Stevens, J., dissenting). Nonetheless, the Court finds that because the cable television franchise is within the scope of § 1341's protection, the

**208**

indictment clearly states an offense of mail fraud so that the motion to dismiss, as such, is due to be denied.

Upon due consideration, therefore, defendant's motion to dismiss the indictment is DENIED.

IT IS SO ORDERED.

DONE and ORDERED.