**UNITED STATES of America,**

v.

**Cesar FERNANDEZ, Defendant.**

**No. 94–CR–389.**

United States District Court,
N.D. New York.

Oct. 2, 1995.

Thomas J. Maroney, U.S. Atty. (Paul D. Silver, Asst. U.S. Atty., of counsel), Philadelphia, PA, for U.S.

Castillo, Siegel Law Firm (Gaspar M. Castillo, of counsel), Albany, NY, for Defendant.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

### I. INTRODUCTION

Jury trial of **defendant Cesar Fernandez** commenced before this Court on August 29, 1995. On September 5, 1995, the jury returned a verdict of guilty on Count 1, charging a violation of 21 U.S.C. § 846, the sole count of the Indictment against defendant. The target crimes enumerated were distribution of cocaine and marijuana and possession with intent to distribute. *See* 21 U.S.C. § 841. Defendant now moves for a judgment of acquittal pursuant to Fed.R.Crim.P. 29(c) or, in the alternative, for a new trial pursuant to Fed.R.Crim.P. 33.

### II. BACKGROUND

The government alleges that shortly before the commencement of trial, counsel for the government attempted to locate Daniel Sudnick, who had cooperated with the Drug Enforcement Administration ("DEA") in its investigation of defendant. The government also alleges that counsel for defendant was advised of Mr. Sudnick's identity and provided an opportunity to read DEA reports relating to the investigation on the day the trial was to begin. On August 31, 1995, during the jury trial of defendant, Counsel for the government advised the Court that Mr. Sudnick was prepared to testify. Unfortunately, the government was unable to secure tape recordings that would include potential Jencks Act material pertaining to Mr. Sudnick and Rule 16 statements pertaining to

defendant. *See* Jencks Act, 18 U.S.C. § 3500; Fed.R.Crim.P. 16.

In order to enable the government to ensure that all these materials were furnished to defense counsel, counsel for the government formally requested a continuance from the Court. Anxious to learn the content of the tapes, the Court responded by granting the requested continuance over defendant's objection, until September 5, 1995, a period of two business days. On September 1, 1995, the government received the tape recordings made in the course of the DEA investigation. Apparently, those tapes included conversations to which defendant and Mr. Sudnick were participants. That same day, copies of the recordings were furnished to defense counsel.

On September 5, 1995, the Court was advised of the content of the materials that had been furnished by the DEA. The Court then determined, once again over defendant's objection, that Mr. Sudnick would be permitted to testify about a statement made to him by defendant in April, 1993, that defendant "had to be in New York to take care of some customers." (Govt.'s Mem.Opp.Mot. at 5.) Mr. Sudnick also was permitted to testify that in April, 1993, pursuant to instructions from defendant, he paid a sum of money to defendant's brother for a prior marijuana shipment. Mr. Sudnick was not permitted to testify on direct examination about other dealings with defendant, and the DEA tapes were neither played nor mentioned in the jury's presence.

After beginning their deliberations, the jury sent a note containing the following message to the Court:

> We need to have you go over the charge regarding "Conspiracy" again. If we say we feel he was involved with the conspiracy but can not say he had intent to distribute—does this mean a not guilty vote, or is all we are concerned with is finding him guilty or not guilty of *conspiracy* and we should not be concerned with the wording of the rest of the count?

(quotation and emphasis in original) Consequently, the Court discussed appropriate responses to the inquiry with counsel for both parties. Both counsel and the Court agreed

that the best solution would be to reread the "conspiracy" instruction in the jury charge. The Court did so and then asked the members of the jury whether their question had been answered. After responding in the affirmative, the jury subsequently retired to continue its deliberations. A guilty verdict was returned soon thereafter.

Defendant raises two bases for the relief he seeks. First, defendant argues that (a) the Court abused its discretion by granting the government a continuance in connection with the appearance of Daniel Sudnick, and (b) Mr. Sudnick's testimony amounted to inadmissible Rule 404(b) evidence. In regard to the continuance, defendant concedes that granting such a measure rests within the sound discretion of the Court. However, defendant argues that in this case the government offered no reasonable explanation for its failure to reveal the witness and his information well before the trial. Finally, where Mr. Sudnick's testimony is concerned, defendant contends that the evidence was unduly prejudicial because it was untimely and related to acts outside the charged conspiracy.

Second, defendant argues that the Court erred in its response to the note from the jury concerning the requisite proof for a conviction on the conspiracy count of the Indictment. Defendant claims essentially that rather then reread the conspiracy charge, the Court should have instructed the jury that if it was not convinced of defendant's intent to distribute than a not guilty verdict was in order. Because the Court did not so respond, defendant contends that the jury was misled into believing that it could find defendant guilty of conspiracy even if it was not satisfied beyond a reasonable doubt of defendant's intent to join the conspiracy's objective of distribution.

## III. DISCUSSION

Although defendant has moved for alternative forms of relief, the Court initially will address whether defendant is entitled to any relief at all. As such, the Court will analyze each of the defendant's bases for relief *seriatim.*

### A. DANIEL SUDNICK'S TESTIMONY

#### 1. Granting a Continuance

 Defendant has conceded that the granting of a continuance lies within the discretion of the Court. (Def.'s Mem.Supp.Mot. at 5.) In fact, a trial judge has plenary discretion in regulating the timetable and schedule of a trial. *See United States v. Beverly,* 5 F.3d 633, 641 (2d Cir.1993). A district court's decisions regarding the timetable of a trial consequently will not be reversed absent an abuse of discretion. *Id.; United States v. Bein,* 728 F.2d 107, 114 (2d Cir.), *cert. denied sub nom. DeAngelis v. United States,* 469 U.S. 837, 105 S.Ct. 135, 83 L.Ed.2d 75 (1984). To demonstrate an abuse of this discretion, "a defendant must demonstrate arbitrary action that substantially impaired the defense." *Beverly,* 5 F.3d at 641. In this case, defendant fails on both scores.

 Whether there was an abuse of discretion "must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request [for a continuance was granted]." *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 850, 11 L.Ed.2d 921 (1964). In other words, defendant here can rely on no mechanical test. *United States v. Ellenbogen,* 365 F.2d 982, 986 (2d Cir.1966), *cert. denied,* 386 U.S. 923, 87 S.Ct. 892, 17 L.Ed.2d 795 (1967). In his memorandum, defendant asserts that the government had no excuse for failing to reveal Mr. Sudnick and the tapes at an earlier time. Under the *Ungar* criterion, however, the Court's perspective at the time the request for a continuance was made is the determinative circumstance. At that point in time, not knowing what the tapes could possibly contain, the *potential* importance of the material for which the government was searching outweighed the foreseeable harm from briefly delaying the proceedings.

Defendant's "myopic insistence upon expeditiousness" is the only thing that restrained what appeared to be, and was, a legitimate request for delay in this case. *See Id.* at 985–986. Thus the Court acted within its sound discretion in granting the govern-

ment's request for a continuance during the trial.

### 2. The Testimony Admitted

■■■ A trial judge's ruling on the admissibility of evidence also will be reviewed for abuse of discretion or for arbitrary or irrational action. *See United States v. Valdez,* 16 F.3d 1324, 1332 (2d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 60, 130 L.Ed.2d 18 (1994). The Court believes that it has committed no such error in regard to the admitted testimony of Mr. Sudnick. The evidence was proper within the Court's discretion for several reasons, and thus it was not violative of Fed.R.Evid. 404(b).

First, Mr. Sudnick's testimony corroborated testimony by two other witnesses in the case, Saverio Bizzaro and Salvatore Sciglitano, that defendant was in the New York City area in April of 1993. Second, the marijuana transaction to which Mr. Sudnick testified arguably was not a prior bad act because of its proximity in time to the vague opening date for the conspiracy stated in the indictment. Moreover, the transaction itself arguably had not been completed by the opening date because Mr. Sudnick testified that he still needed to make payment. Finally, part of the testimony's relevance related to defendant's state of mind, showing intent to possess or distribute drugs and knowledge of the illegal substances at issue.

■■■ The Second Circuit follows the "inclusionary" approach to the admission of other-act evidence, so that "evidence of prior crimes, wrongs, or acts is admissible for any purpose other than to show a defendant's criminal propensity." *United States v. Muniz,* 60 F.3d 65, 69 (2d Cir.1995); *United States v. Lasanta,* 978 F.2d 1300, 1307 (2d Cir.1992). The de minimis extent to which Mr. Sudnick's testimony could be misconstrued to show defendant's criminal propensity clearly does not rise to the level necessary to demonstrate that the Court abused its discretion by admitting the evidence. Nor was the admission arbitrary or irrational, due to the numerous proper uses that could be made of the evidence.

### B. SUPPLEMENTAL JURY CHARGE

■■■ Counsel for defendant freely admits that he failed to object to the Court's supplemental jury instructions before the jury retired once again to continue its deliberation. As such, defendant's current objection to the sufficiency of the Court's response to the jury's conspiracy question is untimely. *See* Fed.R.Crim.P. 30. The policy behind Rule 30—"to prevent needless retrying of cases when the defect complained of could have been cured at the first trial"—is an important one. *United States v. Olgin,* 745 F.2d 263, 271 (3d Cir.1984), *cert. denied sub nom. O'Brocta v. United States,* 471 U.S. 1099, 105 S.Ct. 2321, 85 L.Ed.2d 840 (1985). When such an objection is untimely, reversal is proper only when there is plain error. *United States v. Tillem,* 906 F.2d 814, 826 (2d Cir.1990). The legal sufficiency of supplemental instructions is assessed in light of the jury instructions as a whole. *United States v. Gengo,* 808 F.2d 1, 4 (2d Cir.1986).

■■■ For its supplemental instruction, the Court in this case simply reread the initial charge that accurately depicted the elements of conspiracy in response to the jury's inquiry. As such, this case falls squarely within the holding of *Tillem.* There, the trial judge responded to a written jury question by restating the definition of extortion that he previously had provided, and then gave an offhand distinction between bribery and extortion in response to a juror's oral question. Defense counsel failed to object at the time but later questioned the judge's offhand remarks. The Second Circuit held that "any confusion caused by the trial court's failure to answer directly … was remedied by a 'rereading of the full charge [that] correctly set forth the applicable principles.'" *Tillem,* 906 F.2d at 827 (citation omitted).

■■■ Under the *Tillem* standard, the Court's believes that its rereading of the charge in this case also was sufficient to remedy the confusion, if any, caused by its failure to respond to the jury as the defendant now believes it should have responded. In other words, defendant has not satisfied his burden for obtaining a reversal. "Plain error" is error so egregious and obvious as to make a trial judge and prosecutor "derelict"

in permitting it, despite defendant's failure to object. *Id.* at 825. Defendant has not alleged any infirmity in the Court's original instructions regarding conspiracy, even with the benefit of hindsight, so it is not reasonable to expect the Court or prosecutor to have done so at either time they were read to the jury. Thus no "plain error" was committed, and defendant's untimely objection must fail.

## IV. CONCLUSION

Defendant has not demonstrated that he is entitled to relief from the jury's verdict. For all the foregoing reasons defendants' motion for a judgment of acquittal pursuant to Fed. R.Crim.P. 29(c) or, in the alternative, for a new trial pursuant to Fed.R.Crim.P. 33 is hereby DENIED.

**IT IS SO ORDERED.**