**UNITED STATES of America,**
**Appellee,**

v.

**Karon JOHNSON, Defendant–**
**Appellant.**

No. 05–5283.

United States Court of Appeals, Second Circuit.

Aug. 4, 2006.

the Eastern District of New York, sitting by designation.

William Binder (Frederick H. Cohn, on the brief), Gould Reimer Walsh Goffin Cohn LLP, New York, NY, for Appellant.

Jessica A. Mordas, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York; Harry Sandick, Assistant United States Attorney, on the brief).

Present DENNIS JACOBS, ROSEMARY S. POOLER, Circuit Judges and EDWARD R. KORMAN *, District Chief Judge.

### SUMMARY ORDER

Karon Johnson ("Johnson") appeals from the judgment entered on September 30, 2005 in the United States District Court for the Southern District of New York (Chin, J.), pursuant to a jury verdict convicting him of unlawful possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

▮ 1. The district court did not abuse its discretion in refusing to give a requested limiting instruction on witness credibility before it read back testimony requested by the jury during deliberations. The main charge included a detailed (and sound) instruction on assessing the credibility of witnesses, including the need to evaluate demeanor and non-verbal language. Before the readbacks, the district court reminded the jury of those instructions and told the jury to try to "picture

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

back to what the witnesses were like on the stand as they were testifying." The supplemental charge, when read in conjunction with the main charge, was sufficient to counter any risk that the jury would have placed undue weight on the readback testimony. *See United States v. Gengo,* 808 F.2d 1, 4 (2d Cir.1986) (explaining that the legal sufficiency of jury charges must be assessed on the whole record); *cf. United States v. Rodgers,* 109 F.3d 1138, 1145 (6th Cir.1997) (holding that, "if a district court ... chooses to reread testimony to a deliberating jury, the district court must give an instruction cautioning the jury on the proper use of that testimony").

■ 2. Section 922(g)(1), which prohibits the possession of a firearm by a convicted felon, is constitutional on its face and as applied here. We have repeatedly rejected constitutionality challenges to Section 922(g)(1) so long as the government establishes a nexus to interstate commerce. *See, e.g., United States v. Gaines,* 295 F.3d 293, 302 (2d Cir.2002); *United States v. Santiago,* 238 F.3d 213, 216 (2d Cir.2001); *United States v. Jones,* 16 F.3d 487, 491 (2d Cir.1994). This nexus need only be minimal; proof that the firearm previously moved in interstate commerce is sufficient. *See United States v. Sorrentino,* 72 F.3d 294, 296 (2d Cir.1995). Here, the government made the requisite showing: an expert witness in the identification and origin of firearms testified that the revolver possessed by Johnson in the Bronx was manufactured in Springfield, Massachusetts.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**