16-188-cr
United States v. Lowe

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand seventeen.

PRESENT:
>PETER W. HALL,
>CHRISTOPHER F. DRONEY,
>>*Circuit Judges*,
>J. PAUL OETKEN,
>>*District Judge.**

---

United States of America,

>*Appellee*,

>v.

Kevin Lowe, AKA Sealed Defendant 1,

>*Defendant-Appellant*,

David Moody, AKA Sealed Defendant 2,
Rashawn Whidbee, AKA Sealed Defendant 3,
AKA Ra-Ra, Robert Williams, AKA Sealed
Defendant 4, AKA Crusader Rob, Donald Carr,
AKA Sealed Defendant 5, AKA Buster, George
Barrow, AKA Sealed Defendant 6, AKA Coco,
Bradley Mitchell, AKA Sealed Defendant 7,
Elijah Pinckney, AKA Sealed Defendant 8,
Evelyn White, AKA Sealed Defendant 9, Cedric
White, AKA Sealed Defendant 10, AKA Sin,
Sheila Carter, AKA Sealed Defendant 11, Ravelo

No. 16-188-cr

---

* Judge J. Paul Oetken, United States District Court for the Southern District of New York, sitting by designation.

**Manzanillo, AKA Sealed Defendant 12, AKA Grande, Jonathan Huertas, AKA Sealed Defendant 13, Olga Mendoza Delarosa, AKA Sealed Defendant 14, Bryan Rivera, AKA Sealed Defendant 15, Samantha Livingston, AKA Sealed Defendant 16, Bridget Higgins, AKA Sealed Defendant 17, David Stewart, AKA Sealed Defendant 18, AKA Cash Money, AKA Pork Chop, Vokart Alsaidi, AKA Sealed Defendant 19, Darryl Brathwaite, AKA Sealed Defendant 21, Theodore Roosevelt Johnson, AKA Sealed Defendant 22, Waleed Alsaidi, AKA Sealed Defendant 23, Ronald Carr, AKA Sealed Defendant 24, Robert Terdiman, John Coleman, AKA John John, Kendrick Chandler, AKA Sealed Defendant 20,**

*Defendants.*

_____

FOR APPELLANT:                FLORIAN MIEDEL, Miedel & Mysliwiec LLP, New York, NY.

FOR APPELLEES:                EDWARD B. DISKANT, Assistant United States Attorney (Tatiana R. Martins and Michael Ferrara, Assistant United States Attorneys, *of counsel*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Kevin Lowe appeals from a judgment of conviction of one count of conspiracy to distribute and possess with intent to distribute oxycodone. We assume the parties'

2

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Jury Instruction

The Appellant challenges the inclusion in the jury charge of an instruction regarding conscious avoidance. Not only did the Appellant fail to object to this instruction below; he in fact affirmatively sought the instruction in a joint request to charge. "The law is well established that if, as a tactical matter, a party raises no objection to a purported error, such inaction constitutes a true waiver which will negate even plain error review." *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) (internal quotation marks and citations omitted). "A finding of true waiver applies with even more force when, as in this case, [a defendant] not only failed to object to what [he] now describe[s] as error, but [he] actively solicited it[.]" *Id.* The Appellant has waived any claim of error on appeal in the jury instruction he requested. *See United States v. Polouizzi*, 564 F.3d 142, 153 (2d Cir. 2009) (declining to consider the merits of a challenge on appeal to a jury instruction because the appellant had agreed in proceedings below that the challenged instruction was satisfactory).

## II. Jury Note

The Appellant challenges the district court's response to the jury's note requesting clarification of the jury instructions on the elements of conspiracy and conscious avoidance. The Appellant acknowledges that he did not preserve this objection below. Accordingly, we review for plain error, requiring that the Appellant demonstrate that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial

proceedings." *United States v. Vilar*, 729 F.3d 62, 70 (2d Cir. 2013) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)) (internal quotation marks omitted).

"[T]he legal sufficiency of [a] supplemental charge must be assessed in the context of the instructions as a whole." *United States v. Gengo*, 808 F.2d 1, 4 (2d Cir. 1986) (quoting *United States v. Velez*, 652 F.2d 258, 261 (2d Cir. 1981) (internal quotation marks omitted). "We emphatically do not review a jury charge on the basis of excerpts taken out of context, but in its entirety, to determine whether considered as a whole, the instructions adequately communicated the essential ideas to the jury." *United States v. Sabhnani*, 599 F.3d 215, 237 (2d Cir. 2010) (internal quotation marks and citations omitted).

Bearing these principles in mind, we have closely examined the entirety of the district court's statements in response to the jury note, and we have considered them in the context of the jury instructions as a whole. We identify no plain error. The principal thrust of the district court's response to the jury note was to direct the jury back to the written instructions on the elements of conspiracy and conscious avoidance, which, as indeed the Appellant acknowledges, were a correct statement of the law. Under these circumstances, we see no "clear or obvious" error, nor do we see that any error "affected the appellant's substantial rights" or "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Vilar*, 729 F.3d at 70.

We have considered all of the Appellant's arguments to the contrary and find them without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4