UNITED STATES of America

v.

Jack GERSTNER, Defendant.

No. S 82 Cr. 282 (CMM).

United States District Court,
S. D. New York.

Aug. 4, 1982.

John S. Martin, Jr., U. S. Atty., Edward Little, Minna Schrag, Asst. U. S. Attys., New York City, for the United States.

John J. Byrnes, Federal Defender Services Unit, Legal Aid Soc., New York City, for defendant.

METZNER, District Judge:

Defendant Jack Gerstner, indicted on two counts of attempted tax evasion, 26 U.S.C. § 7201, and two counts of wilfully filing a false income tax return, 26 U.S.C. § 7206(1), moves for dismissal of Count Two of the indictment. Count Two charges a Section 7206(1) violation in connection with Gerstner's 1975 tax return. The defendant contends that it is barred by the six-year statute of limitations, 26 U.S.C. § 6531.

Gerstner was initially indicted on April 6, 1982, solely on the two Section 7201 counts. The indictment charged that Gerstner attempted to evade taxes by understating his and his wife's taxable income on their 1975 and 1976 joint income tax returns. Specifi-

# 349

cally, the government contends that he failed to report substantial income he allegedly earned by polishing diamonds in his spare time. Count One charged that the Gerstners' joint taxable income for 1975 was at least $33,003.60, of which only $15,111.26 was reported; Count Two charged that their taxable income for 1976 was at least $35,318.24, of which only $14,581.26 was reported.

A four-count superseding indictment was returned on June 17, 1982. Counts One and Three of the new indictment are identical to the two counts in the old indictment. Counts Two and Four charge that Gerstner, by understating his income on his 1975 and 1976 returns, also violated 26 U.S.C. § 7206(1), which forbids the filing of an income tax return which the taxpayer knows to contain material untrue statements.

Defendant now moves to dismiss Count Two of the superseding indictment on the ground that the statute of limitations expired on April 15, 1982, that is, six years after the due date for his 1975 tax return. See 26 U.S.C. §§ 6531, 6513(a).

■ The original indictment was returned before the six years elapsed, and was still pending when the superseding indictment was filed. Under such circumstances, the superseding indictment is not time-barred unless it broadens the charges. *United States v. Grady,* 544 F.2d 598, 601–03 (2d Cir. 1976).

■ In this case Count Two in the superseding indictment (alleging false filing) is based on exactly the same factual allegations which underlay the Section 7201 count in the original indictment (alleging attempted tax evasion). Thus, the defendant is not called upon to address any factual accusations by the Government beyond those which have already been alleged.

Furthermore, the addition of this count does not expose Gerstner to additional criminal penalties. Since Section 7206(1) describes a lesser included offense within Section 7201, he cannot be convicted under both sections. *United States v. Slutsky,* 487

F.2d 832, 845 (2d Cir. 1973); *United States v. Rosenthal,* 454 F.2d 1252, 1255 (2d Cir. 1972). The maximum sentence under Section 7206(1) is three years and a $5,000 fine, while the maximum sentence under Section 7201 is five years and a $10,000 fine.

Under these circumstances, the superseding indictment cannot be said to broaden the original charges. Therefore, under *Grady, supra,* Count Two is not time-barred.

■ Defendant next moves for dismissal of all four counts of the indictment on the ground of unreasonable pre-indictment delay.

The Government's investigation began in late 1977, when the Gerstners' 1975 and 1976 tax returns were audited. At that time the Internal Revenue Service (IRS) discovered bank records showing that Gerstner had received checks totalling approximately $39,000 in payment for diamond polishing, none of which had been reported as income. The criminal investigation followed, and Gerstner was interviewed by an IRS Special Agent on June 23, 1978. At this interview (as in two prior interviews), he admitted receiving the checks but claimed not to have kept the money. He explained that he had subcontracted the polishing to others who worked in the 47th Street diamond district. These people, whose full names Gerstner claims he never knew, demanded payment in cash, which he supplied after cashing the checks received for polishing the diamonds.

Gerstner heard no more from the Government until the indictment in this case was returned almost four years later. In the meantime, he claims, the people who actually polished the diamonds, and who could have been compelled to testify on his behalf at trial, have disappeared. Thus he argues that the Government's unexplained delay has foreclosed the possibility of a fair trial.

Subject of course to the statute of limitations, an indictment will not be dismissed for pre-indictment delay unless the defendant can demonstrate, *inter alia,* that the delay has substantially prejudiced his defense. *United States v. Marion,* 404 U.S.

307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971); *United States v. Elsbery,* 602 F.2d 1054, 1059 (2d Cir. 1979). Further, while the loss of important witnesses would satisfy this requirement, *United States v. Feinberg,* 383 F.2d 60, 65 (2d Cir. 1967), an allegation of prejudice must be based on more than "mere conjecture." *United States v. Eucker,* 532 F.2d 249, 255 (2d Cir. 1976).

Here, defendant has mustered no evidence to support his claim that the diamond polishers, assuming they exist, are missing. Parenthetically, it should be noted that on the trial defendant testified that fifty different polishers could be involved. There is no indication of any efforts having been made to locate these potential witnesses. Nor has Gerstner supplied information which would have allowed the Government to investigate the validity of the claim of unavailability, such as first names (which Gerstner claims to know) and business addresses.

The burden of proof is on the defendant. *United States v. Mejias,* 552 F.2d 435, 443 (2d Cir. 1977). Given the lack of factual support in the affidavits for the claim of prejudice, there is no need for a hearing and the motion is denied.

So ordered.