**UNITED STATES of America,**
**Plaintiff-Appellee;**

v.

**Robert A. COPELAND,**
**Defendant-Appellant.**

**No. 84–2646.**

United States Court of Appeals, Seventh Circuit.

Submitted June 26, 1985.[*]

Decided Dec. 17, 1985.

Opinion March 25, 1986.[**]

---

[*] After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

[**] Pursuant to Circuit Rule 35, this opinion was originally issued as an unpublished order on December 17, 1985. The government subsequently filed a motion requesting that the order be issued as a published opinion. The motion is hereby granted.

Paul E. Gaziano, Liebovich & Gaziano, Rockford, Ill., for defendant-appellant.

Anton R. Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before BAUER, POSNER and EASTER-BROOK, Circuit Judges.

PER CURIAM.

On March 28, 1984, a federal grand jury for the Northern District of Illinois returned a five-count indictment charging defendant Robert A. Copeland with attempted income tax evasion, failure to file a return, and filing a false withholding certif-

---

icate in violation 26 U.S.C. §§ 7201, 7203, and 7205.[1] Counts I and III charged defendant with attempting to evade taxes during the years 1980 and 1981, respectively; Counts II and IV charged defendant with willful failure to file his returns for the years 1980 and 1981, respectively; Count V charged defendant with filing a false withholding certificate in 1982. Following trial on July 9, 1984, a jury found defendant guilty as charged in the indictment. On September 14, 1984, the district court sentenced defendant to serve one year in a work-release program on Counts II, IV and V and five years probation on Counts I and III, all sentences to run concurrently. Defendant appeals. We affirm.

From December 1973 through early 1984, defendant was employed by Kelly-Springfield Tire Company in Freeport, Illinois. When defendant initially commenced employment with Kelly-Springfield, he filed a Form W-4, Employee's Withholding Allowance Certificate, in which he claimed no withholding exemptions. Defendant paid federal income taxes on his earnings and filed tax returns for the years 1975 through 1979.

On January 16, 1980, defendant filed a new Form W-4 with Kelly-Springfield in which he falsely claimed that he was exempt from federal withholding requirements.[2] As a result of filing the false Form W-4, Kelly-Springfield withheld only $277.86 from his 1980 wages of $18,921.86 and only $54.71 from his 1981 wages of $21,838.57. He did not file income tax returns for either 1980 or 1981. In fact, with credit for his nominal withholding, defend-

---

1. Section 7201 provides in relevant part:

   Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall ... be guilty of a felony....

   Section 7203 provides in relevant part:

   Any person required under this title to ... make a return ... who willfully fails to ... make such a return ... shall ... be guilty of a misdemeanor....

   Section 7205 provides in relevant part:

   Any individual required to supply information to his employer ... who willfully supplies false or fraudulent information ... shall

... be fined not more than $1,000, or imprisoned not more than 1 year, or both.

2. The instructions on the Form W-4 specifically explained that defendant would have to have had no tax liability for 1979 and expect to have no tax liability for 1980 in order to claim exemption from withholding. Yet, defendant indeed had a tax liability of $3,183 for the tax year 1979. Further, in light of his earnings history, the absence of exemptions for dependents and the lack of excess itemizable deductions, it was highly unlikely that defendant would incur zero tax liability in 1980.

ant owed $3,205.14 in taxes for the year 1980 and $4,347.29 for 1981. On February 26, 1982, defendant filed another Form W–4 with his employer in which he falsely claimed he was exempt from withholding.

■ The only issue on appeal is whether the defendant's willful failure to file his 1980 and 1981 federal income tax returns and filing two false withholding certificates with his employer constitute willful attempts to evade his 1980 and 1981 income taxes.[3] The acts comprising defendant's evasion convictions are themselves proscribed as misdemeanors. *See supra* n. 1. To establish a violation of § 7201, the government must prove willfullness, the existence of a tax deficiency and an affirmative act constituting an evasion or attempted evasion of tax. *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965); *United States v. Ming*, 466 F.2d 1000, 1004 (7th Cir.), *cert. denied*, 409 U.S. 915, 93 S.Ct. 235, 34 L.Ed.2d 176 (1972). Defendant contends that the felony evasion charge requires proof of a willful act beyond the misdemeanor charges. He broadly construes *Spies v. United States*, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943), to stand for the proposition that there must be a willful commission of an act separate from and in addition to the willful omissions included in the Code's list of misdemeanor offenses.[4]

In *Spies*, defendant argued that the two misdemeanors of willful failure to file a tax return and willful failure to pay income tax were insufficient to constitute the basis of a felony conviction for willfully attempting to defeat and evade income tax. In holding for defendant, the Court's rationale, however, was not that misdemeanors cannot combine to form the basis of a felony. The Court specifically noted:

**3.** The overt acts underlying the 1980 felony evasion conviction are defendant's failure to file a 1980 tax return and his 1980 filing of the false W–4. The overt acts underlying the 1981 evasion conviction are defendant's failure to file a 1981 tax return, his 1980 filing of the false W–4 and his 1982 filing of a false W–4.

**4.** Defendant relies upon the following language in *Spies:*

A felony may, and frequently does, include lesser offenses in combination either with each other or with other elements. We think it clear that this felony [a § 7201 violation] may include one or several of the other offenses against the revenue laws....

    ....

... Willful but passive neglect of the statutory duty may constitute the lesser offense, but to combine it with a willful and positive attempt to evade tax *in any manner or to defeat it by any means* lifts the offense to the degree of felony.

317 U.S. at 497, 499, 63 S.Ct. at 367, 368 (emphasis supplied). *See also* § 7201 quoted *supra* n. 1; *United States v. Marabelles*, 724 F.2d 1374, 1379–80 (9th Cir. 1984). The underlying misdemeanor offenses in *Spies* were insufficient not because they were misdemeanors, but rather because they were acts of omission whereas the felony of willful attempt to evade or defeat tax required "some willful commission in addition to the willful omissions that make up the list of misdemeaors." *Id.* 317 U.S. at 499, 63 S.Ct. at 368. In *Spies*, the government simply failed to prove any affirmative act of commission.

■ The acts underlying defendant's felony convictions in the present case do not suffer the same infirmity. Where a taxpayer has willfully failed to file a tax return in violation of § 7203, a prior, concomitant or subsequent false statement may elevate the § 7203 misdemeanor to the level of a § 7201 felony. *United States v. Goodyear*, 649 F.2d 226, 228 (4th Cir.1981). The act of filing a false and fraudulent tax withholding certificate, although a misdemeanor offense, constitutes valid and sufficient evidence of willful commission. *See*

[W]e think a defendant is entitled to a charge which will point out the necessity for such an inference of willful attempt to defeat or evade the tax from some proof in the case other than that necessary to make out the misdemeanors; and if the evidence fails to afford such an inference, the defendant shall be acquitted.

*Spies,* 317 U.S. at 500, 63 S.Ct. at 368–69.

*Spies,* 317 U.S. at 499–500, 63 S.Ct. at 368 (affirmative willful attempt may be inferred from making false entries or alterations or any conduct the likely effect of which would mislead or conceal). *See also Sansone,* 380 U.S. at 353, 85 S.Ct. at 1011 (§ 7207 misdemeanor offense of willfully making a materially false and fraudulent statement to the IRS also may support conviction under § 7201). Indeed, the fact that defendant had in the past had wages withheld, filed his annual tax returns and collected tax refunds belies defendant's suggestion that his conduct was innocent or the product of naiveté.

Accordingly, the judgment of the district court is

AFFIRMED.