UNITED STATES of America

v.

Lorin G. SLOAN.

No. F CR 88–2.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Feb. 3, 1989.

David H. Miller, Asst. U.S. Atty., Fort Wayne, Ind., for U.S.

David E. Rosselot, Kokomo, Ind., for Sloan.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on defendant's motion to dismiss the indictment and the government's motion in limine. The issues have been fully briefed and oral arguments were heard on January 6, 1989. For the following reasons, defendant's motion to dismiss will be denied. The government's motion in limine will be granted in part and denied in part.

Lorin G. Sloan was indicted on January 15, 1988 on three counts of tax evasion under 26 U.S.C. § 7201. Section 7201 of Title 26 of the United States Code provides:

> **§ 7201. Attempt to evade or defeat tax**
>
> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

The specific counts in the indictment alleged failure to make an income tax return and pay such taxes due by April 15, 1982, April 15, 1983 and April 15, 1984. All three counts alleged a specific amount of taxable income received by Sloan and an outstanding tax due on each year's income.

### I. Motion to Dismiss

Sloan contends that the indictment should be dismissed because (1) he is not a person required to file an income tax return, (2) he is not a person required to pay income taxes, (3) the statute under which he is charged, 26 U.S.C. § 7201, is unconstitutionally vague, (4) Counts I and II are barred by the statute of limitations, and (5) the alleged tax liabilities being for the years 1981, 1982 and 1983 are indicative of stale prosecution.

The government contends that Sloan's first three arguments are patently frivolous and should be rejected by this court. The law in the Seventh Circuit as well as in other circuit courts clearly supports the government's contentions.

Although Sloan captions his first contention "Lorin Sloan is not a person required to file an income tax return as alleged in count I, II and III of the indictment", he argues that a return for him was

in fact filed. He claims that there is no obligation in the Tax Code that he personally submit a 1040 form, and therefore, the W–3 submitted by his employer, Fisher Body, was a sufficient return for him. He argues that since the W–3 provided the taxpayer's name, address, social security number, gross wages, withholdings from those wages and proper employer identification data, he has met the requirements of a "return." What Sloan fails to address is the obligation imposed by the Tax Code that he verify the return. As the court in *United States v. Moore*, 627 F.2d 830 (7th Cir.1980), stated:

> The forms defendant supplied to the I.R.S. were not returns for another reason: they were not verified.
>
> 26 U.S.C. § 6001 states that "every person liable for any tax imposed by this title ... shall ... make such returns, and comply with such rules and regulations as the Secretary (of the Treasury) may from time to time prescribe." Section 6011(a) requires taxpayers to make returns "according to the forms and regulations prescribed by the Secretary." Section 6061 provides that returns "shall be signed in accordance with forms or regulations prescribed by the Secretary." Section 6065 ... states that "any return ... required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury." In 26 C.F.R. § 1.6065–1(a) the Secretary of the Treasury has by regulation also required income taxpayers to verify their returns. Defendant had a duty by statute and regulation to file tax returns with a verified signature.

*Id.* at 834.

■ Sloan next argues that he has no legal obligation to pay taxes under the Code because none of the definitions of "wages", "employee" or "employer" fit his situation. This argument is nonsensical and deserves short shrift. Liability is inherent in the statutory scheme. The section Sloan is charged with violating, 26 U.S.C. § 7201, clearly makes it a felony for anyone to willfully evade or defeat any tax

imposed. The Seventh Circuit has repeatedly recognized that the Code makes the taxpayers liable for willfully evading or defeating taxes under § 7201. *See United States v. Copeland*, 786 F.2d 768 (7th Cir. 1985); *United States v. Foster*, 789 F.2d 457 (7th Cir.1986). Furthermore, Sloan's query as to where the legal obligation to pay taxes on wages comes from is answered by reading *Coleman v. C.I.R.*, 791 F.2d 68 (7th Cir.1986). In *Coleman*, the Seventh Circuit stated that:

> The code imposes a tax on all income. See 26 U.S.C. § 61. Wages are income, and the tax on wages is constitutional. See, among hundreds of other cases, *United States v. Thomas*, 788 F.2d 1250, 1253 (7th Cir.1986); *Lovell v. United States*, 755 F.2d 517 (7th Cir.1984); *Granzow v. CIR*, 739 F.2d 265, 267 (7th Cir.1984); *United States v. Koliboski*, 732 F.2d 1328, 1329 & n. 1 (7th Cir.1984). See also *Brushaber v. Union Pacific R.R.*, 240 U.S. 1, 12, 24–25, 36 S.Ct. 236, 239, 244–45, 60 L.Ed. 493 (1916).

■ Sloan's third contention, that § 7201 is unconstitutionally vague because there is no definition of "an attempt in any manner" or "to evade or defeat any tax", is yet another totally meritless argument. This argument has been expressly rejected by several courts. *United States v. Milder*, 459 F.2d 801, 803–04 (8th Cir.1972); *United States v. Schipani*, 362 F.2d 825, 831 (2d Cir.1966). Also, the Seventh Circuit, in *Coleman, supra*, stated that:

> Statutes need not be unambiguous in every application to be constitutional. Many words acquire meaning through judicial and administrative construction over the years, and this evolutionary process is constitutional.
>
> \* \* \* \* \* \*
>
> [T]he ambiguities that lurk in "frivolous" (or any other word) in marginal cases do not prevent the imposition of penalties. Uncertainty is a fact of legal life.
>
> \* \* \* \* \* \*
>
> "Whenever the law draws a line there will be cases very near each other on opposite sides. The precise course of the

line may be uncertain, but no one can come near it without knowing that he does so, if he thinks, and if he does so it is familiar to the law ... to make him take the risk." *United States v. Wurzbach*, 280 U.S. 396, 399, 50 S.Ct. 167, 169, 74 L.Ed. 508 (1930). See also, e.g., *United States v. Powell*, 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975).

*Coleman*, 791 F.2d at 71.

■ Sloan's fourth contention is that the statute of limitations has run on Counts I and II because the affirmative acts of filing false W–4 forms alleged on the face of the indictment occurred on November 29, 1980, July 1, 1981, and January 9, 1982, all more than six years prior to the filing of the indictment on January 13, 1988.

The applicable statute of limitations is set forth in 26 U.S.C. § 6531 as follows:

No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be six years—

\*      \*      \*      \*      \*      \*

(2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof;

A willful attempt to evade or defeat any tax was clearly defined by the Seventh Circuit in *United States v. Copeland*, 786 F.2d 768 (7th Cir.1985). In *Copeland*, the court stated that "[t]o establish a violation of § 7201, the government must prove willfullness, the existence of a tax deficiency and an affirmative act constituting an evasion or attempted evasion of tax." *Id.* at 770. The court went on to find that:

Where a taxpayer has willfully failed to file a tax return in violation of § 7203, a prior, concomitant or subsequent false statement may elevate the § 7203 misdemeanor to the level of a § 7201 felony.

*Id.*

Therefore, it is the combination of acts alleged on the face of Sloan's indictment which establish the § 7201 felonies. The facts of filing false W–4 forms on November 29, 1980, July 1, 1981, and January 9, 1982 did not constitute the crimes; they constituted the prior false statements which elevated the § 7203 misdemeanors for failing to file tax returns to the level of § 7201 felonies. The failure to file tax returns on April 15, 1982, April 15, 1983, and April 15, 1984 became the § 7201 felonies charged in the indictment.

"[I]t is the date of the latest act of evasion, not the due date of the taxes, that triggers the statute of limitations." *United States v. Ferris*, 807 F.2d 269, 271 (1st Cir.1986) (*citing United States v. Trownsell*, 367 F.2d 815 (7th Cir.1966)). Since the failures to file tax returns on April 15, 1982, April 15, 1983, and April 15, 1984 were the latest acts of evasion, the six year period of limitations did not end until April 15, 1988, April 15, 1989, and April 15, 1990, respectively. *See United States v. Myerson*, 368 F.2d 393, 395 (2d Cir.1966). Therefore, the indictment filed on January 13, 1988 was not barred as to any of the counts.

■ Sloan's final contention is that there was excessive preindictment delay in bringing the charges. He relies on *United States v. Gerstner*, 548 F.Supp. 348 (S.D.N.Y.1982), as requiring that certain items be examined including whether or not the defendant was harassed. However, Sloan failed to note for the court that *Gerstner* also specifically stated that "an indictment will not be dismissed for preindictment delay unless the defendant can demonstrate, *inter alia*, that the delay has substantially prejudiced his defense." *Id.* at 349. The Seventh Circuit has also repeatedly held that "[a] successful due process challenge to preindictment delay requires that a defendant demonstrate actual and substantial prejudice from the delay." *United States v. Zukowski*, 851 F.2d 174, 178 (7th Cir. 1988) (*citing United States v. Valona*, 834 F.2d 1334, 1337 (7th Cir.1987)). Sloan not only fails to demonstrate any actual and substantial prejudice, but he fails to even allege any prejudice due to preindictment delay. Therefore, defendant's motion to dismiss is denied.

## II. Motion in Limine

The government has filed a motion in limine regarding any legal arguments that are not questions of fact and that have consistently been rejected as legal defenses in tax charges. The government specifically seeks to exclude (1) any evidence that wages are not income, (2) any evidence regarding the constitutionality of the income tax laws, (3) any evidence that the Internal Revenue laws and the sixteenth amendment cannot allow for direct taxation of wages, (4) any evidence that defendant is not a person required to file income tax returns, (5) any evidence or argument on the subject of jury nullification, (6) any evidence that civil remedies exist and are more appropriate, and (7) any evidence as to defendant's personal history and background that can only be elicited if defendant testifies.

Sloan states in his response to the government's motion that there are several items on the government's list which he does not intend to introduce. Specifically, Sloan states that he will not (1) argue that wages are not income, (2) argue that the Internal Revenue Code does or does not allow direct taxation, (3) state or insinuate that civil remedies are preferable, or (4) assert anything of a personal nature about the defendant or pertaining to his family in his opening statement. Therefore, the government's motion in limine regarding these items is deemed moot.

### A. Constitutionality of Income Tax Laws

▇ Sloan argues against eliminating his right to attack the validity of the criminal statute by excluding all evidence pertaining to its constitutionality. He states that he wants to raise the same argument at trial that has already been raised in his motion to dismiss, i.e., that § 7201 is unconstitutionally vague. As noted above, this court has addressed that issue and determined as a matter of law that § 7201 is not unconstitutionally vague. Sloan is not entitled to a second opinion on this issue by the jury. Further, any evidence as to Sloan's belief that the tax laws are unconstitutional has been determined to be objectively unreasonable as a matter of law. *United States v. Buckner*, 830 F.2d 102, 104 (7th Cir. 1987). In *Buckner*, the court affirmed the district court's decision to ban presentation of any argument or evidence that the tax laws are unconstitutional. Therefore, the government's motion in limine as to any evidence regarding the constitutionality of the tax laws is granted.

### B. Jury Nullification

▇ Sloan argues in his opposition brief that the jury is not only the trier of the facts, but is also the trier of the law in criminal proceedings. This is a misstatement. Sloan is apparently confused because jury verdicts have been upheld which are in apparent contradiction to clear proof of guilt. However, this power of the jury is not a right of the defendant's. Although a nullification verdict is accepted as a natural aberration under our system, "it is not to be positively sanctioned by instructions [or arguments] ... which would encourage a jury to acquit ... regardless of the applicable law or proven facts." *United States v. Dougherty*, 473 F.2d 1113, 1137 (D.C.Cir. 1972). The Seventh Circuit adopted the reasoning of the court in *Dougherty* in declining to reverse a criminal conviction based on the district court's refusal to give a nullification instruction. *United States v. Anderson*, 716 F.2d 446 (7th Cir.1983). In *Anderson*, the court held that explicit instructions sanctioning jury nullification pose too great a threat to the rule of law. *Id.* at 450. Arguments to the jury on the issue of nullification would be equally as threatening as written instructions. Therefore, the government's motion in limine regarding the jury nullification issue is granted.

### C. Remaining Issues

The government conceded at oral argument that the admissibility of several of the issues raised in its motion turns on how that evidence will be used at trial. Since the government may renew its objections during trial if the anticipated circumstances arise, the motion regarding the eviden-

tiary issues not already discussed in this order is denied.

### Conclusion

Based on the foregoing, defendant's motion to dismiss the indictment is hereby DENIED. The government's motion in limine regarding the issues of jury nullification and constitutionality of the tax laws is hereby GRANTED. The government's motion in limine regarding the remaining evidentiary issues is hereby DENIED.