UNITED STATES of America, Appellee,

v.

Robert R. JOHNSON, Defendant, Appellant.

No. 89–1638.

United States Court of Appeals, First Circuit.

Heard Dec. 4, 1989.

Decided Jan. 11, 1990.

Dana A. Curhan, New Bedford, Mass., by Appointment of the Court, for defendant, appellant.

Gail Brodfuehrer, Tax Div., Dept. of Justice, with whom Shirley D. Peterson, Asst. Atty. Gen., Washington, D.C., Peter E. Papps, U.S. Atty., Robert E. Lindsay and Alan Hechtkopf, Washington, D.C., were on brief, for U.S.

Before CAMPBELL, Chief Judge, COFFIN, Senior Circuit Judge, and BOWNES, Circuit Judge.

LEVIN H. CAMPBELL, Chief Judge.

A jury in the United States District Court for the District of New Hampshire found Robert Johnson guilty of five counts of attempted tax evasion. Johnson appeals from the District Court's judgment of conviction. The issues on appeal are whether the district court erred in admitting evidence of Johnson's conduct during the year subsequent to those at issue under the indictment and whether the defendant is entitled to a new trial because of the prosecutor's reference in closing argument to a fact which Johnson claims was not in evidence. Finding no reversible error, we affirm.

Johnson is a route salesman for Pepsi Cola. He gets paid a salary plus commissions. Since Johnson was not self-employed, he was not entitled to use a Schedule C in reporting his income. During each of the years 1982–86, Johnson filed with his income tax return a Schedule C, which is intended for use only by sole proprietorships to report profits or losses. On each Schedule C, Johnson reported costs and business losses which when deducted from his reported income resulted in zero taxable income. By doing this, Johnson

claimed a full refund each year of the taxes withheld from his wages. He received refunds for the years 1982–85. After Johnson was indicted in this case, and shortly before his trial began, Johnson filed corrected returns for 1982–86, but there is no indication that he remitted the tax payments that were due.

The IRS began investigating Johnson for tax evasion in 1986. He was indicted on five counts of attempted tax evasion, one for each of the years from 1982–86, in violation of 26 U.S.C. § 7201.

Johnson's defense at trial was that he had relied on the advice of his father and a friend of his father in filing the returns at issue. He testified that his advisors had convinced him that filing a Schedule C was a new and legal way to file his returns and obtain a refund of income withheld. On March 9, 1989, a jury found Johnson guilty on all five counts.

Johnson argues that the district court abused its discretion in permitting the government on cross examination to introduce evidence that Johnson submitted a withholding allowance form (W–4 form) in 1987 claiming ten allowances that he was not entitled to, and evidence that Johnson failed to file an income tax return for the 1987 tax year. Since Johnson's 1987 taxes were not a subject of the indictment, Johnson contends that this evidence should have been excluded under Federal Rule of Evidence 404 as improper evidence of bad character or criminal propensity. He further argues that the prejudicial effect of this evidence outweighed any probative value and therefore Federal Rule of Evidence 403 required its exclusion.

■ Although evidence of a defendant's bad acts or crimes other than those charged in the indictment is not admissible to show a criminal propensity, such evidence is admissible to show, among other things, intent, knowledge, or absence of mistake or accident. Fed.R.Evid. 404(b); *United States v. Simon*, 842 F.2d 552, 553 (1st Cir.1988); *United States v. Rubio Estrada*, 857 F.2d 845, 847 (1st Cir.1988). Where evidence of other acts is relevant for a proper purpose under Rule 404(b), the district court must balance the probative value of the evidence against the danger of unfair prejudice to the defendant. *See* Fed.R.Evid. 403; *United States v. Fields*, 871 F.2d 188, 196 (1st Cir.1989); *United States v. Medina*, 761 F.2d 12, 15 (1st Cir.1985). This balancing determination is left to the discretion of the district court. *See, e.g., Simon*, 842 F.2d at 553; *Medina*, 761 F.2d at 15.

■ To establish a violation under section 7201, the government was required to show that Johnson "willfully attempt[ed] ... to evade or defeat" a tax imposed by the internal revenue code. 26 U.S.C. § 7201. A person's conduct is willful if it is "an intentional violation of a known legal duty." *United States v. Pomponio*, 429 U.S. 10, 13, 97 S.Ct. 22, 24, 50 L.Ed.2d 12 (1976). The evidence that Johnson submitted a W–4 form in 1987 claiming more allowances than he was entitled to and did not file an income tax return for 1987, was relevant to show Johnson's willfulness and absence of mistake in filing the Schedule C forms containing false information during the years 1982–86. By way of defense, Johnson had attempted to show that he had in good faith relied on the advice of others in filing the false returns and that he had not then known that his conduct was improper. It could seem obvious from Johnson's filing of blatantly false W–4 exemptions claims in 1987, and his failure to file any tax return at all for that year, that he had a willful intent to avoid paying taxes then. The jury could reasonably infer from this that the improper filings in the years immediately previous were likewise infected by a tax evasion purpose. *See United States v. Upton*, 799 F.2d 432, 433 (8th Cir.1986) ("evidence of [defendant's] questionable compliance with tax laws, both in the years prior to and subsequent to [the years of the charged conduct] is probative of willfulness").

Not only did the 1987 misconduct follow immediately on the heels of the violations charged in the indictment, it had an identical practical effect, i.e., it would have relieved Johnson of all tax liability. Johnson had known, moreover, when he deliberately

violated the law in 1987 that he was under investigation for tax evasion in 1982–86. Thereafter he filed amended returns for 1982–86, in an effort to bolster his defense of good faith. The jury was clearly entitled to know of the 1987 misconduct in order to evaluate his true intent during the earlier period. The district court did not abuse its discretion in determining that the probative value of this evidence was not outweighed by any danger of unfair prejudice.

We find no merit in Johnson's other argument that his conviction must be reversed because of the prosecutor's allegedly improper remark in closing argument. Johnson testified that shortly before the trial he filed amended tax returns for the years 1982–86. Referring to this testimony in closing argument, the prosecutor stated that "the defendant didn't even attach payment to these returns." Johnson argues that there was no evidence that he had not attached payment and therefore the prosecutor's remark was an improper reference to evidence not in the record. Although Johnson made no objection to the prosecutor's remark during the trial, he now contends that he is entitled to a new trial.

■ Absent objection, we will evaluate the prosecutor's remark only for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Glantz*, 810 F.2d 316, 324 (1st Cir.), *cert. denied*, 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987); *United States v. Flaherty*, 668 F.2d 566, 595 (1st Cir. 1981). Under the plain error rule, a claimed error raised for the first time on appeal will warrant a new trial if the alleged error "undermine[d] the fundamental fairness of the trial and contribute[d] to a miscarriage of justice." *United States v. Young*, 470 U.S. 1, 16, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1 (1984).

■ Applying this standard, there was no plain error here. Although the government did not introduce evidence to establish that Johnson had not attached payment to his amended returns, there was evidence from which the jury could reasonably infer as much. Johnson had introduced copies of the amended returns for the years in ques-

tion and these documents contained no indication that payment of taxes owed for those years had been attached. Similarly, while Johnson testified that he had filed the amended returns, he did not testify that he had made any payments. Moreover, Johnson admitted on cross examination that he owed taxes for 1982–85. Viewing this state of the evidence, it could be reasonably assumed that Johnson had not yet made any tax payments for the years in question. No one now suggests that Johnson did, in fact, make such payments. We fail to see, therefore, that the prosecutor's remark undermined the fundamental fairness of the trial or contributed to a possible miscarriage of justice.

*Affirmed.*