**UNITED STATES, Appellee,**

v.

**Kenneth W. WALDECK,
Defendant, Appellant.**

**No. 89–2152.**

United States Court of Appeals,
First Circuit.

Heard June 4, 1990.

Decided July 12, 1990.

Patrick Sampair, with whom MacPherson & McCarville, P.A., was on brief for defendant, appellant.

Brett Dignam, Atty., Tax Div., Dept. of Justice, with whom Shirley D. Peterson, Asst. Atty. Gen., Robert E. Lindsay and Alan Hechtkopf, Attys., Tax Div., Dept. of Justice, were on brief for appellee.

Before SELYA and SOUTER, Circuit Judges, and BOWNES, Senior Circuit Judge.

BOWNES, Senior Circuit Judge.

Defendant was tried under 26 U.S.C. § 7201 on five counts for willfully attempting to evade and defeat the income tax due and owing for the taxable years 1982, 1983, 1984, 1985 and 1986. Defendant did not testify and presented no evidence. This appeal followed his jury conviction on all counts.

The issues raised on appeal are built around defendant's basic contention that neither the government nor the court distinguished properly the offense of evading the assessment of taxes from the offense of evading the payment of taxes. A statement of the trial evidence, which is not in dispute, is a necessary prelude to a discussion of the issues.

## I. THE EVIDENCE

Defendant worked as an engineer for three different employers for the taxable years 1982 through 1986; the taxable year in each instance is the same as the calendar year. In each year, defendant received gross income from his employer in excess of the amount required to file an income tax return. For the years 1982, 1983, 1985 and 1986 defendant filed a 1040 "fifth amendment" return which contained only his name, signature, a figure for federal income tax withheld, asterisks at the numbered lines in lieu of any information and the following statement: "This means specific exception is made under the Fifth Amendment, U.S. Constitution." No return at all was filed for 1984. Defendant had filed proper and timely returns for the years 1976 through 1980.

On July 15, 1981, defendant filed an Employee's Withholding Allowance Certificate (W–4) with his employer claiming single

status and 30 allowances. He had filed two prior W–4s claiming single status with one and then two allowances. On March 15, 1982, defendant's attorney, William D. Morris, wrote to defendant's employer stating that because of the employer-employee relationship, the employer should not release any information about the defendant's employment to any government agency, particularly the IRS, and that the employer should ignore any requests for information unless there was a subpoena, in which event the employer was to notify defendant.[1] On May 2, 1982, defendant wrote to the secretary of the employer's legal division and requested that the lawyer's letter be attached to his W–4 and a copy put in his personnel file.

On March 25, 1982, the IRS asked defendant his reason for claiming 30 allowances. His reply letter stated in effect that the W–4 was accurate, that the IRS could not change it and that his constitutional rights were being violated. The IRS then directed the employer to withhold taxes from defendant on the basis of single status and one allowance. The employer complied.

Defendant went to work for a different employer on June 4, 1984. He immediately filed a W–4 claiming single status and 14 allowances. He switched jobs again on October 21, 1985; this time his W–4 claimed 13 allowances.

Defendant had filed a fifth amendment return for 1981. On September 24, 1982, the IRS wrote him stating the 1040 form he filed did not comply with the Revenue Code and enclosed two income tax returns for filing properly. Defendant responded on

December 9, 1982 stating in effect that he knew he had not filed a valid tax return for 1981 and that he was not going to do so. He also referred to excerpts from various United States Supreme Court decisions and asked questions about their scope and application. On April 15, 1983, defendant wrote again to the IRS informing it that he did not pay taxes for 1981, that he filed only a fifth amendment tax return for that year, that he was filing a similar return for 1982 and that he was not going to pay taxes for 1982. The IRS responded by assessing a $500 penalty against defendant under 26 U.S.C. § 6702 for filing a frivolous return (a fifth amendment return) for 1982. Defendant promptly paid 15 percent of the penalty and brought suit in the United States District Court of New Hampshire challenging the penalty under 26 U.S.C. § 6703. The district court on June 7, 1984 issued summary judgment for the government. This did not deter the defendant from filing fifth amendment returns for 1985 and 1986. The government's successful criminal prosecution of defendant followed.

## II. THE ISSUES

### A. *The Indictment*

Defendant argues that the indictment should have been dismissed because it was duplicitous and unconstitutionally vague and ambiguous. Except for place of residence and the year, each of the five counts in the indictment are identical. We reproduce Count II.

1. The letter stated in pertinent part.

   This letter has been prepared as an opinion relating to Employer–Employee contractual relationships. In my considered legal opinion such contractual relationships are personal and private. No person or agency, private or governmental, has any business whatsoever inquiring into such a relationship without prior, written consent, from my client.

   I therefore request of you, as my client's employer, that you *do not* reveal any information whatsoever regarding this relationship to anyone at all without prior written consent from my client.

   This request includes any request or demand made by any governmental agencies, and particularly, a demand or request from the Internal Revenue Service.

   I could phrase this letter as a demand, not a request. However, I suggest mutual cooperation in this matter may be much more productive.

   I find no requirement in the law that obligates your company to respond to any IRS demands *unless* a proper and lawful subpoena is properly and lawfully served on your firm. In that event I do demand that you notify my client of such a subpoena *prior* to divulging any information regarding employment terms. This demand includes *all* records maintained by you relating to my client.

## COUNT II

That during the calendar year 1983, the defendant,

### KENNETH WILLIAM WALDECK,

a resident of Exeter, New Hampshire, had and received substantial taxable income; that upon said taxable income there was owing to the United States of America a substantial income tax; that well-knowing and believing the foregoing facts, KENNETH WILLIAM WAL-DECK, in the District of New Hampshire, did willfully attempt to evade and defeat the said income tax due and owing by him to the United States of America for said calendar year by failing to timely file an income tax return on or before April 15, 1984, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income tax, and by taking affirmative steps to conceal from all proper officers of the United States of America his true and correct income and tax liability.

In violation of Title 26, United States Code, Section 7201.

The crux of the duplicity claim is that the indictment could be read to mean that defendant was charged with both willfully attempting to evade and defeat the assessment of tax *and* the payment of tax. The defendant's basis for distinguishing between the offense of evasion of assessment of tax and the offense of evasion of payment of tax rests on a pronouncement by the United States Supreme Court as to the scope of 26 U.S.C. § 7201.

The pertinent part of § 7201 provides: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony...." In *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965), the Court held that "the elements of § 7201 are willfulness; the existence of a tax deficiency; and an affirmative act constituting an evasion or attempted evasion of the tax." *Id.* at 351, 85 S.Ct. at 1010 (citations omitted). One of the defenses considered by the Court in *Sansone* was that an intent to report and pay the tax in the future constitutes a defense to § 7201. In rejecting this defense the Court stated:

No defense to a § 7201 evasion charge is made out by showing that the defendant willfully and fraudulently understated his tax liability for the year involved but intended to report the income and pay the tax at some later time. As this Court has recognized, *§ 7201 includes the offense of willfully attempting to evade or defeat the assessment of a tax as well as the offense of willfully attempting to evade or defeat the payment of a tax.*

*Id.* at 354, 85 S.Ct. at 1011 (emphasis added).

To our knowledge, only two courts of appeals have addressed the issue of whether an indictment alleging violation of § 7201 by stating that defendant did "willfully attempt to evade and defeat the income tax due and owing" has alleged the two separate crimes of evasion of assessment of tax and evasion of payment of tax and therefore is duplicitous. The issue was first addressed by the Fifth Circuit in *United States v. Masat*, 896 F.2d 88 (5th Cir. 1990). In finding that the indictment was not duplicitous, the court held:

The charge in the indictment directly tracked the wording of § 7201. The "two crimes" of which Masat contends he was charged come from one statute, indeed, from one sentence. In truth, there is one crime, the evasion of taxes, and it is of no moment that both assessment and payment might have been evaded. There was no plain error requiring reversal, for the indictment was not duplicitous.

*Id.* at 91. We must note that no reference at all is made to *Sansone*.

In an even more recent case, *United States v. Dunkel*, 900 F.2d 105 (7th Cir. 1990), the Seventh Circuit came to the same conclusion. It did not completely ignore *Sansone*, but it did not let it stand in the way of its holding:

Dunkel insists that the charges under § 7201 are duplicitous because that statute creates two crimes: evading the assessment of taxes (as by fooling the IRS about your income) and evading the payment of taxes (as by secreting assets after taxes have been assessed). To charge both in one count, Dunkel maintains, is to confuse both the defendant and the jury. Not so. Section 7201 creates only one crime: tax evasion. Section 7201 makes it a crime to "attempt in any manner to evade or defeat any tax imposed by this title or the payment thereof". Just as you can rob a bank in a dozen ways (blow the door off the vault, tunnel from next door and empty the till in the dead of night, stick up the teller, scoop money out of the cash drawer during business hours when no one is looking, and so on), so you can evade taxes in multiple ways.

Sometimes it is convenient to say that different methods are different "crimes", as the Supreme Court once said about § 7201. *Sansone v. United States,* 380 U.S. 343, 354, 85 S.Ct. 1004, 1011, 13 L.Ed.2d 882 (1965); see also, *United States v. Dack,* 747 F.2d 1172, 1174 (7th Cir.1984). Whether § 7201 creates multiple offenses in the sense that one who evades his taxes for a single year both by creative bookkeeping and by transferring assets (as the jury could conclude Dunkel did) could be given cumulative punishment is a different matter entirely. If Dunkel were right, he could be punished twice, so long as the government took care to charge the events of a single year in two counts. We need not decide whether Congress has authorized this. It is enough to say that nothing in the text or history of § 7201 requires an indictment to treat § 7201 as if it were two sections of the United States Code. *Id.* at 107.

■ We are not so bold as to either ignore or shunt *Sansone* aside, especially since we have no reason to do so. Although the indictment could have been clearer by specifying that the crime charged was attempting to evade and defeat the assessment of taxes for the years charged, we do not think it was fatally duplicitous. In each count, defendant was charged with attempting "to evade and defeat the said income tax due and owing . . . by failing to timely file an income tax return [for the year charged] . . . by failing to pay to the Internal Revenue Service said income tax and by taking affirmative steps to conceal from all proper officers of the United States of America his tax and correct income and tax liability." We acknowledge that the phrase "failing to pay to the Internal Revenue Service said income tax" could be construed as an evasion-of-payment charge but it was overborne by the other clear and unequivocal evasion-of-assessment charges.

Moreover, it was clear at the start of the trial that the government was proceeding on an evasion-of-assessment theory; it had so stated at a pretrial conference the day before the trial started. That the defendant understood the crime charged is evidenced by the following statement by defense counsel in his opening:

> The indictment in this case is a five-count indictment charging tax evasion for 1982, 1983, 1984, 1985 and 1986, *and Ken is charged with evading assessment of his taxes.* Now, I'm not going to try and give you an instruction or explain what assessment is at this point. What I'm going to ask you to do is listen to the witness [sic] on the witness stand when they explain what assessment is. *He is not charged with evading payment of his taxes. He is charged with evading assessment,* and that's very important. I want you to think about that as the case goes along.

(Emphasis added).

We hold that the indictment was not duplicitous and that defendant understood the crime charged was evasion of assessment of taxes.

Defendant's contention that the indictment is unconstitutionally vague and ambiguous deserves but short shrift. What we said in *United States v. Fusaro,* 708 F.2d 17 (1st Cir.), *cert. denied,* 464 U.S.

1007, 104 S.Ct. 524, 78 L.Ed.2d 708 (1983), applies with full force here:

> The indictment is sufficient if the offense is described with sufficient clarity to show a violation of law, and enables the accused to know the nature and cause of the accusation against him and to plead an acquittal or conviction in bar of future prosecution for the same offense. *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974). The relevant counts track with specificity the statutory language and satisfy the *Hamling* test.

*Id.* at 23; *see also United States v. Hogan*, 861 F.2d 312, 314–15 (1st Cir.1988).

We reject defendant's contention that the indictment should have been dismissed. For the same reasons, we also reject defendant's contention that the prosecution and the district court constructively amended the indictment.

### B. *Sufficiency of the Evidence*

■ Defendant asserts that the district court's denial of his motion for judgment of acquittal was error. Our standard of review is firmly established:

> In reviewing a Rule 29 motion the court must consider the evidence as a whole taken in the light most favorable to the Government, together with all legitimate inferences to be drawn therefrom to determine whether a rational trier of fact could have found guilt beyond a reasonable doubt. *United States v. Patterson*, 644 F.2d 890, 893 (1st Cir. 1981). The Government may prove its case entirely by circumstantial evidence and need not exclude every reasonable hypothesis of innocence, provided the record as a whole supports a conclusion of guilt beyond a reasonable doubt. *United States v. Gabriner*, 571 F.2d 48, 50 (1st Cir.1978). Furthermore, if the evidence can be construed in various reasonable alternatives, the jury is entitled to freely choose from among them. *United States v. Klein*, 522 F.2d 296, 302 (1st Cir.1975).

*United States v. Smith*, 680 F.2d 255, 259 (1st Cir.1982), *cert. denied*, 459 U.S. 1110,

103 S.Ct. 738, 74 L.Ed.2d 960 (1983); *see also United States v. Bucci*, 839 F.2d 825, 827 (1st Cir.), *cert. denied*, 488 U.S. 844, 109 S.Ct. 117, 102 L.Ed.2d 91 (1988); *United States v. Rivera Rodriquez*, 808 F.2d 886, 890 (1st Cir.1986); *United States v. Rothrock*, 806 F.2d 318, 320 (1st Cir.1986).

In order to convict, the government had to prove "a willful and positive attempt to evade [assessment of] tax in any manner or to defeat it by any means...." *Spies v. United States*, 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1943). The question is whether the government's evidence, which consisted mainly of defendant's fifth amendment returns, which supplied no tax information at all, and the false W–4s (Employee Withholding Allowance Certificates) filed by defendant with his employers, was sufficient for a conviction.

Defendant argues that neither the fifth amendment returns nor the false W–4s prove willful attempt to evade assessment of tax. As to the returns, he contends that since they were, in effect, a nullity and not used by the government for assessment of his tax, they were not evidence of an attempt to evade the assessment of his tax liability. His contention on the W–4s is that they relate to evasion of payment of tax, not evasion of assessment of tax. Both assertions are bootless.

The question is not whether the government relied on the returns and the W–4s in assessing defendant's tax but whether their filing by defendant is evidence of a *willful attempt* to evade and defeat the assessment of his tax. We think they are and the case law confirms our conclusion.

#### 1. The W–4s

A W–4, as with a 1040, is signed under the penalties of perjury. It states: "Under the penalties of perjury, I certify that I am entitled to the number of withholding allowances claimed on this certificate, or if claiming exemption from withholding, that I am entitled to claim the exempt status." The purpose of the form is stated on it:

> Purpose.—The law requires that you complete Form W–4 so that your employer can withhold Federal income tax from

your pay. Your Form W–4 remains in effect until you change it or, if you entered "EXEMPT" on line 6b above, until February 15 of next year. By correctly completing this form, you can fit the amount of tax withheld from the wages to your tax liability.

Courts have uniformly held that the filing of false W–4s constitutes evidence of a willful attempt to evade taxes in violation of 26 U.S.C. § 7201.

In *United States v. Connor*, 898 F.2d 942 (3d Cir.1990), the court held that defendant's "purposeful failure to file an accurate W–4 form could be viewed by the jury as an affirmative willful act to support the violation of 26 U.S.C. § 7201 comparable to the affirmative acts of evasion outlined in *Spies v. United States*, 317 U.S. at 499, 63 S.Ct. at 368." *Id.* at 945.

We confronted a somewhat similar issue in *United States v. Johnson*, 893 F.2d 451 (1st Cir.1990). In *Johnson*, the question was whether

> evidence that Johnson submitted a W–4 form in 1987 claiming more allowances than he was entitled to and did not file an income tax return for 1987, was relevant to show Johnson's willfulness and absence of mistake in filing the Schedule C forms containing false information during the years 1982–86 [the years charged in indictment].

*Id.* at 453. We held:

> It could seem obvious from Johnson's filing of blatantly false W–4 exemption claims in 1987, and his failure to file any tax return at all for that year, that he had a willful intent to avoid paying taxes then. The jury could reasonably infer from this that the improper filings in the years immediately previous were likewise infected by a tax evasion purpose.

*Id.* A fortiori, the filing of false W–4s and returns giving none of the required information for the years charged in the indictment would be even stronger evidence of willfulness.[2]

In *United States v. Felak*, 831 F.2d 794, 798 (8th Cir.1987), the court held that claiming exemptions that were not justified was evidence from which tax evasion under § 7201 could be found.

Relying on *Spies v. United States*, 317 U.S. at 497, 63 S.Ct. at 367, the Seventh Circuit had no difficulty finding that "filing a false and fraudulent tax withholding certificate, although a misdemeanor offense, constitutes valid and sufficient evidence of willful commission." *United States v. Copeland*, 786 F.2d 768, 770 (7th Cir.1985).

Although these courts have not specified whether the particular tax offense as to which the false W–4s constitute evidence is evasion of assessment or evasion of payment, and indeed have not even mentioned this distinction, we conclude that false W–4s may be used as evidence of either evasion of assessment of tax or evasion of payment of tax or both.

### 2. The Fifth Amendment Returns

The filing of fifth amendment returns, or to be accurate "no information" returns, cuts across the grain of the entire purpose and philosophy of our tax system, which depends in large part upon information furnished by the putative taxpayer. *See Spies v. United States*, 317 U.S. at 495, 63 S.Ct. at 366. In *United States v. DeClue*, 899 F.2d 1465, 1471 (6th Cir.1990), part of the evidence leading to defendant's conviction for tax evasion was filing a return which contained no financial information and on which there was typed "object: self-incrimination." The statement by the court in *United States v. Afflerbach*, 547 F.2d 522, 524 (10th Cir.1976), *cert. denied*, 429 U.S. 1098, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977), covers the situation before us.

> There was evidence introduced that the defendant knew he had taxable income during the year in question, and that he intentionally filed a purported return which did not contain enough information upon which a tax could be computed. The proof showed an intentional act to evade the law, and the affirmative act of filing the type of return he did.

---

**2.** No comment is necessary on defendant's fail-

ure to file any return for 1984.

We recognize that neither *DeClue* nor *Afflerbach* specified whether the type of tax offense being upheld was one of evasion of assessment or evasion of payment. Rather, they describe the offense generically as one of tax evasion. As with the false W–4s, however, we conclude that the fifth amendment returns constitute probative evidence of evasion of assessment of tax.

### C. *The Jury Instructions*

Defendant argues that the district court improperly instructed the jury as to the elements of the crime charged and therefore denied defendant his fifth amendment right to a fair trial. He asserts that the instructions constructively amended the indictment by instructing on two crimes: evasion of payment of tax and evasion of assessment of tax. He further argues that the jury instructions were vague and ambiguous.

As defendant seems to concede, see page 24 of appellant's brief, none of the objections to the instructions raised on appeal were specifically made as required under Fed.R.Crim.P. 30, and we therefore review only for plain error. *United States v. Campbell*, 874 F.2d 838, 841 (1st Cir.1989); *United States v. Bay State Ambulance and Hosp. Rental Service*, 874 F.2d 20, 33 (1st Cir.1989); *United States v. Griffin*, 818 F.2d 97, 99–100 (1st Cir.), *cert. denied*, 484 U.S. 844, 108 S.Ct. 137, 98 L.Ed.2d 94 (1987).

We have reviewed the instructions carefully and find no error, plain or otherwise.

AFFIRMED.