**UNITED STATES of America,**
**Appellee,**

v.

**Theodore TOBIAS, also known**
**as Peewee, Defendant–**
**Appellant,**

**Vaughn Smith, Defendant.**

**Docket No. 00–1561.**

United States Court of Appeals,
Second Circuit.

March 6, 2002.

Michael E. Lipson, Garden City, NY, for Appellant.

Jeffrey A. Meyer, Assistant United States Attorney (James J. Finnerty, Assistant United States Attorney, on the brief), for John A. Danaher III, United States Attorney, District of Connecticut, Bridgeport, CT, for Appellee.

Present LEVAL and CALABRESI, Circuit Judges, RAYMOND J. DEARIE, District Judge.*

### SUMMARY ORDER

**IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Defendant Theodore Tobias appeals from a conviction after a jury trial for the following offenses: 1) conspiracy to com-

* The Honorable Raymond J. Dearie, United States District Judge for the Eastern District of New York, sitting by designation.

mit a robbery affecting interstate commerce in violation of the Hobbs Act, 18 U.S.C. § 1951; 2) committing a robbery affecting interstate commerce in violation of the Hobbs Act, 18 U.S.C. § 1951; and 3) using and carrying a firearm during and in relation to the commission a crime of violence, 18 U.S.C. § 924(c). The defendant contends first that both Hobbs Act convictions should be reversed because the indictment failed to allege that he acted "knowingly" and "willfully" in the commission of either offense. Second, he asserts that these defects in the indictment require reversal of the 18 U.S.C. § 924(c) conviction because there is no viable conviction on any predicate crime of violence. Third, he argues that the police's show-up procedure was unduly suggestive and that the government witnesses' identification of him was unreliable. Finally, defendant contends that trial counsel provided ineffective assistance in failing to object to the government's introduction of a photograph of the alleged getaway car, and in eliciting damaging identification testimony from a government witness.

■ Defendant's claim that the two Hobbs Act counts in the indictment were defective is without merit. Because he raises this argument for the first time on appeal, his claim must be adjudicated under the plain error standard. *See* Fed. R.Crim.P. 52(b); *see also United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We find no plain error. The indictment tracked the language of 18 U.S.C. § 1951, using the term "robbery," which necessarily implies knowing and willful conduct. Also in language that necessarily implies knowing and willful conduct, it charged taking the victim's property against a victim's will by means of actual or threatened force. *Cf. United States v. Santeramo,* 45 F.3d 622, 624 (2d Cir.1995). Both Hobbs Act counts adequately charged knowing and willful conduct.

Because there was no defect in the Hobbs Act counts, there is no merit to defendant's claim about the 18 U.S.C. § 924(c) conviction.

■ Defendant protests the fairness of the show-up procedure and the reliability of the government witnesses' identification. We reject his contention. Following a high speed chase, the police apprehended two individuals matching the description given by the hotel clerks. The police promptly brought the suspects to the hotel clerks to be sure that they had arrested the right people. If the police had arrested the wrong individuals, they needed to immediately resume their search. Under the circumstances, a show-up is permissible. *See United States v. Bautista,* 23 F.3d 726, 729–30 (2d Cir.1994).

■ Defendant contends his counsel was ineffective for failing to object to a government witness's identification of a car depicted in a photograph as resembling the getaway car. We disagree. There were no proper grounds for objection. Defendant also protests that his counsel inadvertently elicited damaging identification testimony from a government witness during cross-examination. Counsel took a strategic gamble, which turned out badly. This was not a matter of deficient representation.