**UNITED STATES of America,**

v.

**Hosea JACKSON, Defendant.**

**No. 1:09–CR–407.**

United States District Court,
N.D. New York.

Nov. 9, 2010.

Robert A. Sharpe, Office of United States Attorney, Albany, NY, for United States of America.

### MEMORANDUM–DECISION and ORDER

DAVID N. HURD, District Judge.

## I. INTRODUCTION

Defendant Hosea Jackson ("defendant" or "Jackson") is charged with two offenses in an indictment issued on July 30, 2009 ("2009 Indictment"). *Count One* charges defendant with unlawfully taking and obtaining personal property from Dharam S. Bhatti[1] ("Bhatti") against his will, by means of actual and threatened force, violence, and fear of injury in violation of 18 U.S.C. § 1951(a) ("the Hobbs Act") and 18 U.S.C. § 2. *Count Two* charges Jackson with knowingly using and carrying firearms during and in relation to, and possessing firearms in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) & (iii) and 18 U.S.C. § 2.

Jackson has submitted a number of motions. *First,* he moves to dismiss the 2009 Indictment in its entirety on the grounds that the statute of limitations has run on the offenses and the 2009 Indictment cannot relate back to an earlier Superseding Indictment issued on March 23, 2006 ("2006 Superseding Indictment") for purposes of timeliness. *Second,* Jackson moves to dismiss Count One on the grounds that the 2009 Indictment violates the Fifth Amendment right to a Grand Jury because it fails to allege a mens rea element which is required under the Hobbs Act. *Third,* he moves to dismiss Count Two on the grounds that it is duplicitous because it charges two distinct crimes; both the use of a firearm during and in relation to a crime of violence and the possession of a firearm in furtherance of such crime. *Fourth,* Jackson moves to modify the conditions of his detention; specifically, he requests that he be moved to a facility within Albany County, New York, to play a role in his defense and assist counsel in properly preparing for pre-trial submissions and the eventual trial.

The United States of America (the "Government") opposes defendant's motions with exception to his motion to modify the conditions of his detention. The Government makes no objection to Jackson's motion to be transferred to another detention facility except to impose a condition regarding Jackson's co-defendants Andre Decker ("Decker") and Antonio Castro ("Castro") (collectively "co-defendants").

Oral argument was heard on October 22, 2010, in Utica, New York. Decision was reserved.

## II. BACKGROUND

The present charges stem from an alleged robbery at Canaan Sunuco, a gas station in Columbia County, New York, on December 20, 2002. The charges allege that Jackson and his accomplices, Decker and Castro, robbed Bhatti while he was working at Canaan Sunuco. The 2009 Indictment charges that money was taken

---

1. Bhatti is the owner of Bhatti Corporation, doing business as Canaan Sunuco.

from Bhatti against his will and that the defendant and his alleged accomplices used or possessed firearms during or in furtherance of the robbery.

Jackson was first implicated in the robbery after Castro pleaded guilty on September 1, 2004. Largely due to Castro's cooperation, Jackson and Decker were indicted together on January 27, 2006. The 2006 Superceding Indictment was issued on March 23, 2006, against both Jackson and Decker. Beginning on May 15, 2006, a series of continuances were stipulated to by Jackson's then-attorney, James E. Long, Esq. Decker pleaded guilty on January 30, 2008, and agreed to testify against Jackson.

Jackson moved to dismiss the 2006 Superseding Indictment pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. On February 9, 2009, the 2006 Superseding Indictment was dismissed without prejudice for violation of the Speedy Trial Act. The Government filed the 2009 Indictment on July 30, 2009.

### III. *DISCUSSION*

#### A. *The Statute of Limitations*

■ Jackson argues that the 2009 Indictment is barred by the five year statute of limitations because it was returned more than five years after the December 20, 2002, robbery and it cannot relate back to the earlier 2006 Superseding Indictment because it broadens the original charges. The original charges in the 2006 Supersed-

ing Indictment allege that Decker and the defendant aided and abetted each other and were aided and abetted by another unnamed third party. Defendant contends those charges were broadened by the allegation in the 2009 Indictment that he also aided and abetted Castro. The Government maintains that the allegations in the 2009 Indictment do not broaden the charges in the 2006 Superseding Indictment and thus the defendant was on notice of the alleged crimes.[2]

Jackson argues that under the 2006 Superseding Indictment, the Government would have been required to prove that he was inside the gas station at the time of the robbery because the unnamed third person in that indictment was not aided and abetted, and logically had to be the getaway driver. Therefore, if the jury believed Jackson was the getaway driver, they would have had to acquit him. Alternatively, under the 2009 Indictment, Jackson argues that he could be accused and convicted of either being inside the gas station or serving as the getaway driver. He therefore concludes that the 2009 Indictment broadens the charges against him and makes it easier for a jury to convict him.

■ The limitations period for bringing charges under 18 U.S.C. § 1951(a) and 18 U.S.C. § 924(c) is five years after such a violation has occurred.[3] *See* 18 U.S.C. § 3282. The applicable statute of limitations for a violation under 18 U.S.C. § 2 is

---

**2.** The Government misreads defendant's argument. Defendant does not contest Decker's status as a co-defendant in the 2006 Superseding Indictment and Jackson's subsequent status as the only defendant in the 2009 Indictment. Jackson's argument is based on the new allegation that in addition to aiding and abetting Decker, Jackson also aided and abetted Castro. Despite the Government's misunderstanding, Jackson's argument is still

without merit for the reasons discussed below.

**3.** The statute provides: "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." § 3282.

that for the substantive offense charged. *See United States v. Campbell*, 426 F.2d 547, 553 (2d Cir.1970) ("18 U.S.C. § 2 does not define a crime; rather it makes punishable as a principal one who aids or abets the commission of a substantive crime. There can be no violation of 18 U.S.C. § 2 alone; an indictment under that section must be accompanied by an indictment for a substantive offense").

"It is black letter law that '[o]nce an indictment is brought, the statute of limitations is tolled as to the charges contained in that indictment.'" *United States v. Ben Zvi*, 242 F.3d 89, 98 (2d Cir.2001) (quoting *United States v. Grady*, 544 F.2d 598, 601 (2d Cir.1976)); *accord United States v. Gengo*, 808 F.2d 1, 3 (2d Cir. 1986). "Since the statute stops running with the bringing of the first indictment, a superseding indictment brought at any time while the first indictment is still validly pending, if and only if it does not broaden the charges made in the first indictment, cannot be barred by the statute of limitations." *Grady*, 544 F.2d at 601. Therefore, as long as the superseding indictment does not materially broaden or substantially amend the original charges, it relates back to the original pleading and inherits its timeliness. *United States v. Salmonese*, 352 F.3d 608, 622 (2d Cir.2003) (citing *Gengo*, 808 F.2d at 3).

The statute of limitations begins to run again on the original charges only if the indictment is dismissed. *Grady*, 544 F.2d at 601. When the Government wishes to reindict on charges previously dismissed, they must do so before the statute runs out or within six months in order not to be time barred. *Id.*; 18 U.S.C. § 3288. Section 3288 provides a six month grace period after a dismissal. "Whenever an indictment or information charging a felony is dismissed for any reason *after* the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of dismissal of the indictment." *Id.* (emphasis added). Therefore, in order for an indictment which follows a dismissed indictment to fall within the original statute of limitations, it must: 1) be returned within six months of the dismissal; and 2) not materially broaden or substantially amend the conduct alleged in the original indictment.

The five year statute of limitations began to run on December 20, 2002, the date of the alleged robbery, and expired on December 20, 2007. The original indictment was returned on January 27, 2006, well within the five year statute of limitations. The parties do not dispute that the 2006 Superseding Indictment, issued on March 23, 2006, was also within the five year statute of limitations. The 2006 Superseding Indictment was then dismissed due to a Speedy Trial Act violation on February 9, 2009. Because it was dismissed after the statute of limitations had expired, 18 U.S.C. § 3288 applies and provides the Government six months to return a new indictment. The Government returned the 2009 Indictment on July 30, 2009, within the six month period. The issue is therefore whether the additional statement included in the 2009 Indictment alleging that Jackson aided and abetted Castro broadens the original charges such that the 2009 Indictment cannot relate back to the 2006 Superseding Indictment. If the 2009 Indictment does not relate back to the 2006 Superseding Indictment, the 2009 Indictment must be dismissed in its entirety because it was returned beyond the five year statute of limitations which expired on December 20, 2007.

An indictment is broadened "when the government, the court, or both, broadens the possible bases for conviction

beyond those presented by the grand jury." *See Salmonese*, 352 F.3d at 622 (quoting *United States v. Duran*, 407 F.3d 828, 842 (7th Cir.2005)). In determining if a superseding indictment or indictment brought post-dismissal "materially broadens or amends the original charges," whether the additional pleadings "allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence" will be considered. *Salmonese*, 352 F.3d at 622 (citing *United States v. Ben Zvi*, 168 F.3d 49, 55 (2d Cir.1999)). No single factor is determinative; rather, the touchstone of the analysis is whether the original indictment provided notice of the charges such that the defendant can adequately prepare his or her defense. *Salmonese*, 352 F.3d at 622 (citing *Gengo*, 808 F.2d at 3); *cf. Ben Zvi*, 168 F.3d at 55 (holding that notice must come in indictment).

 The Second Circuit has recognized that as long as the defendant's notice of the alleged crime is not disrupted, returning a second indictment is fair. *Gengo*, 808 F.2d at 3 (finding that the addition of a new charge in a second indictment was proper when the charge did not fall outside the circumstances presented in the original indictment). There is no obstacle to relation back when a new indictment narrows, rather than broadens, the original charges or time frame alleged. *Salmonese*, 352 F.3d at 622 (noting that there is no issue with relation back to the extent the new indictment alleged a different, shorter time frame for conspiracy). A superseding indictment containing additional overt acts also relates back to a previous indictment when the additional overt acts "simply flesh out or provide more detail about the originally charged crime." *United States v. Rutkoske*, 506 F.3d 170, 176 (2d Cir.2007) (quoting *Salmonese*, 352

F.3d at 622). Even when the addition of new overt acts to a superseding indictment extends the scope of the conspiracy, such addition does not necessarily materially broaden the charges. *Rutkoske*, 506 F.3d at 176 (holding that addition of two overt acts which extended conspiracy by one week could not be characterized as a material broadening of the charges). *But cf. United States v. Ratcliff*, 245 F.3d 1246, 1253–54 (11th Cir.2001) (holding that a superseding indictment could not relate back when it expanded the conspiracy by twelve years and ten conspirators).

The 2006 Superseding Indictment put Jackson on notice that he was charged with a violation of 18 U.S.C. § 1951(a), 18 U.S.C. § 924(c) and 18 U.S.C. § 2. It provided facts alleging that the violations stemmed from a December 20, 2002, robbery of a Canaan Sunuco gas station in Columbia County, New York. The charges alleged that Jackson and his co-defendant Decker took property unlawfully from Bhatti and that they used or possessed firearms during or in furtherance of the robbery. The 2006 Superseding Indictment provided that Jackson did so, aiding and abetting Decker, and being aided and abetted by another unnamed third party, presumably Castro. The addition that Jackson also aided and abetted Castro in the 2009 Indictment does broaden Jackson's liability as he contends. The facts alleged remain the same as do the violations with which Jackson is charged. The 2009 Indictment does not expose the defendant to greater penalties, an increased sentence, or even allege new crimes. Defendant's claim that it will somehow be easier for a jury to convict him under the 2009 Indictment than the 2006 Superseding Indictment, even if true, is not enough to find that the charges have been materially broadened or substantially amended.

Because the 2006 Superseding Indictment gave Jackson notice of the charges against him, and those facts have not changed to substantially broaden his liability, the present 2009 Indictment relates back to the 2006 Superseding Indictment and is therefore timely. Accordingly, defendant's motion to dismiss the 2009 Indictment in its entirety based upon the expiration of the statute of limitations will be denied.

### B. *The Mens Rea Element in Count One under 18 U.S.C. § 1951(a)*

▮ Jackson contends that Count One of the 2009 Indictment violates the Fifth Amendment because it fails to allege a mens rea element which is required under the Hobbs Act. He argues that a Hobbs Act violation requires the crime be committed willfully and knowingly and that such intent must be conveyed in the indictment. Defendant urges that because Count One does not allege that he committed the violation willfully and knowingly, it is defective and must be dismissed.[4] The Government contends that the 2009 Indictment provides sufficient notice of the elements and essential facts alleging that the defendant did unlawfully obstruct, delay, and affect commerce as required by the Hobbs Act. The Government maintains that the words willfully and knowingly are not explicitly required to be in the indictment and that the necessary mens rea can be implied by the allegations and facts in the 2009 Indictment. The issue is therefore whether an indictment may imply the necessary intent and if so, whether the 2009 Indictment does so in a way that is consistent with the crimes alleged by the Grand Jury.

▮ The parties agree that the Fifth Amendment requires an indictment to contain the elements of the offense charged and that a defendant must be convicted on the basis of the facts presented to the Grand Jury which indicted him. Generally, an indictment need do little more than track the language of the statute charged and state the approximate time and place of the alleged crime. *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992). Although not stated in the Hobbs Act itself, the parties agree that criminal intent—acting knowingly and willfully—is a necessary element that the Government must prove for a Hobbs Act conviction. When statutory language fails to include all the elements of an offense, the missing elements must be included in the indictment. Thus, the criminal intent of acting knowingly and willfully must be conveyed in the indictment.

▮ In determining whether an indictment conveys the necessary elements, the indictment "must be read to include facts which are necessarily implied by the specific allegations made." *United States v. Silverman*, 430 F.2d 106, 111 (2d Cir.1970). Even when an indictment is drafted to charge the necessary elements, the indictment on its face must be sure to present evidence which assures that such essential elements were presented to the Grand Jury and considered by them in returning the indictment. *Id.*

The Ninth Circuit's reasoning in *Du Bo*, while factually similar to the instant matter, is unpersuasive in light of the Second Circuit's discussion on the subject. In a Summary Order issued by the Second Cir-

---

4. Defendant relies entirely on a Ninth Circuit case in which the court found that an indictment charging a Hobbs Act violation which failed to allege that the defendant acted with knowledge or willingness, and merely charged the defendant with "unlawfully" affecting commerce by the "wrongful" use of force, was deficient. *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir.1999).

cuit, the *Tobias* Court addressed the exact argument presented here. *United States v. Tobias,* 33 Fed.Appx. 547 (2d Cir.2002). The defendant in *Tobias* claimed that his Hobbs Act convictions should be reversed because the indictment failed to allege that he acted knowingly and willfully in the commission of either offense.[5] *Id.* at 549. The court held that the indictment tracked the language of 18 U.S.C. § 1951, "using the term 'robbery,' which necessarily implies knowing and willful conduct. Also in language that necessarily implies knowing and willful conduct, it charged taking the victim's property against a victim's will by means of actual or threatened force." *Id.* The court concluded that both Hobbs Act counts at issue adequately charged knowing and willful conduct.

Count One of the 2009 Indictment tracks the language of the Hobbs Act by charging Jackson with unlawfully obstructing, delaying, and affecting commerce by unlawfully taking personal property by means of force, threat of force, and fear of injury. It specifically alleges that he did so "by robbery, in that the defendants did unlawfully take and obtain personal property" from another against the victim's will. The Government satisfied its statutory and constitutional requirement by conveying the mens rea element both through the term "robbery" and by implying that Jackson committed the violation knowingly and willfully by alleging he took the money against the will of the gas station owner, "by means of actual and threatened force."

Therefore, the mens rea element of knowingly and willingly as required for a Hobbs Act conviction under 18 U.S.C.

§ 1951(a) can be implied by the facts in the 2009 Indictment, and defendant's motion to dismiss Count One will be denied.

### C. *The Duplicitous Nature of Count Two under 18 U.S.C. 924(c)*

▮ Jackson argues that 18 U.S.C. § 924(c) creates two distinct offenses; a "use" offense and a "possession" offense and thus Count Two is duplicitous and must be dismissed. Specifically, defendant contends that Count Two alleges two different offenses: 1) using or carrying a firearm during and in relation to any crime of violence; and 2) possessing a firearm in furtherance of any such crime. Jackson argues that this interpretation is supported by the statutory language of 18 U.S.C. § 924(c), the legislative history of the statute, and the differing proof required to prove the two offenses. The Government maintains that Count Two follows the federal pleading requirements and is not duplicitous. Alternatively, the Government argues that a finding a duplicity does not require dismissal of the 2009 Indictment but instead warrants a limiting jury instruction. The Second Circuit has yet to decide whether the statute at issue is duplicitous. *See, e.g., Harris v. United States,* No. 09–CV–4380, slip op. at 2, 2010 WL 2710600 (E.D.N.Y. July 6, 2010).

▮ An indictment is duplicitous "if it joins two or more distinct crimes in a single count." *United States v. Aracri,* 968 F.2d 1512, 1518 (2d Cir.1992); *see also* 1A Wright & Leipold, Fed. Prac. & Proc. Crim. § 142 (4th ed.). Duplicity poses two potential issues: 1) there is no way for a

---

**5.** Because the defendant in *Tobias* raised this argument for the first time on appeal, the court applied a plain error standard. While Jackson's argument is a pre-verdict challenge to the indictment and thus must meet a higher standard than a challenge post-verdict, the *Tobias* Court's reasoning is still applicable to the instant matter in the absence of any Second Circuit case law to the contrary. *See United States v. Pirro,* 212 F.3d 86, 92 (2d Cir.2000) ("[A] defendant who objects to the indictment before trial ... is entitled to a more exacting review of the indictment than one who waits until after trial to object.").

jury to convict on one offense and acquit on another offense contained in the same count; and 2) because jurors have two crimes to consider in a single count, they may convict without reaching a unanimous agreement on either. *See* 1A Wright & Leipold, Fed. Prac. & Proc.Crim. § 142. A duplicitous pleading, however, is not presumptively invalid. *United States v. Sturdivant*, 244 F.3d 71, 75 n. 3 (2d Cir. 2001) (noting that duplicitous charging is "impermissible" only if it prejudices defendant).

In deciding whether an indictment includes a duplicitous count, the criminal statute alleged to have been violated must be examined. Whether the statute creates several distinct offenses or merely describes different means by which a single crime may be committed must be determined. Federal Rule of Criminal Procedure 7(c) permits a single count of an indictment to allege that a defendant committed an offense by one or more specified means. Accordingly, there is no bar to stating a charge in a single count if a statute is read to create a single crime but provides for various ways to commit it.

The Second Circuit has held that where there are several ways to violate a criminal statute, a charge such as the one here alleging two distinct ways to violate a statute, is not only permissible but required. *See United States v. McCourty*, 562 F.3d 458, 471 (2d Cir.2009); *United States v. Mejia*, 545 F.3d 179, 207 (2d Cir.2008); *United States v. McDonough*, 56 F.3d 381, 390 (2d Cir.1995); *United States v. Conti*, 361 F.2d 153 (2d Cir.1966) ("An indictment may charge alternate ways of violating a statute in the conjunctive, and a conviction under such an indictment will be sustained if the evidence justifies a finding that the statute was violated in any of the ways alleged."), *rev'd on other grounds*, 390 U.S. 204, 88 S.Ct. 899, 19 L.Ed.2d 1035 (1968).

"Where there are several ways to violate a criminal statute ... federal pleading requires ... that an indictment charge [be] in the conjunctive to inform the accused fully of the charges. A conviction under such an indictment will be sustained if the evidence indicates that the statute was violated in any of the ways charged." *Mejia*, 545 F.3d at 207 (omission and alteration in original; internal quotations omitted). In *Mejia*, the Second Circuit upheld a defendant's conviction where a count in the indictment alleged two forms of racketeering activity— threats of murder and narcotics trafficking. The jury found the defendant not guilty of narcotics trafficking but guilty of threats of murder. *Id.*

However, if the statute at issue creates separate offenses, a count charging multiple offenses will be considered duplicitous. Ultimately, the issue is one of statutory interpretation—whether Congress has clearly indicated that it contemplated separate crimes. The Second Circuit has not reviewed the legislative history of 18 U.S.C. § 924(c) for duplicity; however both the Sixth and Ninth Circuits have done so. *Compare United States v. Arreola*, 467 F.3d 1153, 1156–60 (9th Cir.2006) (holding that 18 U.S.C. § 924(c) creates only one offense), *with United States v. Combs*, 369 F.3d 925, 931–33 (6th Cir.2004) (finding that the statute establishes two distinct and separate offenses).

In *Arreola*, the Ninth Circuit examined the legislative intent and concluded that "the legislative history does not support the conclusion that Congress intended to create two separate offenses in § 924(c)." *Arreola*, 467 F.3d at 1160. The *Arreola* Court extensively reviewed drafts of the statute, floor debate, and amendments to the potential bill, and concluded that "[w]hile the legislative history suggests that Congress intended to differentiate a

defendant who 'possesses' a firearm in 'furtherance of' a crime from one who 'uses or carries' a firearm 'during and relation to' a crime, it is far from clear that Congress intended to create separate offenses."[6] *Id.*

Conversely, the Sixth Circuit found that "[t]he legislative history of the amendment [to the original 1998 statute] bolsters the view that Congress intended 'in furtherance of' to create a different standard of conduct than did the 'during and in relation to' language". *Combs,* 369 F.3d at 932. The *Combs* Court concluded that "[b]y its adding possession as a prohibited act, and requiring a higher standard of participation to charge a defendant with the act, we understand Congress to have delineated a new offense within the same statute." *Id.* However, the Sixth Circuit has distinguished "a duplicitous indictment under § 924(c) that does not call into question 'the unanimity of a verdict of guilty ... because proper jury instructions can mitigate the risk of jury confusion and alleviate the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense.'" *Harris,* slip op. at 2 (quoting *United States v. Lloyd,* 462 F.3d 510, 514 (6th Cir.2006)).

While not specifically examining the legislative history of the statute, the Seventh Circuit also reached the conclusion that 18 U.S.C. § 924(c) is not duplicitous. *United States v. Haynes,* 582 F.3d 686, 704 (7th Cir.2009) ("[T]he three ways in which [the crime defined in] § 924(c) can be committed may be alleged in the conjunctive in one count ... and proof of any one of them will support [a] conviction."); *see also United States v. Stewart,* No. 08 CR 720, 2009 WL 2149603, at *2 (N.D.Ill. July 17, 2009) ("Because § 924(c) sets forth disjunctive theories of liability for a single offense, an indictment is not duplicitous if it raises the theories conjunctively in a single count.").

Defendant's argument was also recently addressed in the Eastern District of New York. *Harris,* slip op. at 2. In *Harris,* the defendant moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. *Id.* at 1. The majority of his claims alleged ineffective assistance of counsel, both at the trial and appellate levels. *Id.* Relying solely on the Sixth Circuit's reasoning in *Combs,* the defendant argued that the 18 U.S.C. § 924(c) count was duplicitous and that he suffered prejudice by his trial counsel's failure to remedy the defect pretrial by a motion to dismiss the charge.[7] *Id.* at 2. The *Harris* Court rejected the defendant's argument and distinguished the Sixth Circuit's reasoning. The *Harris* Court noted that "[e]ven the Sixth Circuit has taken care to distinguish a duplicitous indictment under § 924(c) that does not call into question 'the unanimity of a verdict of guilty.'" *Id.* The court concluded that because the jury instructions used in the defendant's case "not only clearly specified the elements of the three potential ways to commit the § 924(c) offense but also explicitly re-

---

**6.** The court noted that "[o]n the contrary, it appears that Congress structured § 924(c) as it did to assuage the fear of some members of Congress and 'assure that someone who possesses a gun that has nothing to do with the crime does not fall under 924(c).'" *Id.* The Ninth Circuit also acknowledged Congress' decision not to adopt an earlier House bill which explicitly proscribed separate offenses and concluded that such a decision "suggests that Congress did not intend to separate § 924(c) into multiple offenses." *Id.*

**7.** The Superseding Indictment against Harris alleged that he "did knowingly and intentionally use and carry a firearm during and in relation to a drug trafficking crime, to wit: the crime charged in Count [], and did knowingly and intentionally possess a firearm in furtherance of said drug trafficking crime."

quired that the jury be unanimous as to one of the three ways", there could be no doubt that the jury reached a unanimous verdict with respect to the defendant's conduct. *Id.*

Here, although the plain language of Count Two may appear to allege two offenses because it is drafted in the conjunctive—that on or about December 20, 2002, Jackson and his accomplices "did knowingly use and carry firearms during and in relation to, *and* did possess firearms in furtherance of, a crime of violence"—such a charge is proper under the federal pleading requirements and Second Circuit case law. The Ninth Circuit's inquiry into the detailed legislative history of 18 U.S.C. § 924(c) is persuasive and leads to the conclusion that Congress did not intend for the statute to create two distinct offenses. The recent Eastern District of New York case discussing this issue also supports this conclusion. *See Harris,* slip op. at 2.

Section 924(c) instead creates one offense and specifies different acts or means by which it may be violated. Count Two of the 2009 Indictment alleges a violation of 18 U.S.C. § 924(c) by charging Jackson with doing any or all of the acts specified in the statute. Because Count Two is not duplicitous, there is no need to consider whether a duplicitous indictment mandates a dismissal based on the unanimity requirement for a jury conviction and the requirement of the assent of twelve grand jurors for a true bill under Federal Rule of Criminal Procedure 6(f) as defendant alleges.

Accordingly, Count Two alleging a violation of 18 U.S.C. § 924(c) is not duplicitous and defendant's motion to dismiss Count Two will be denied.

### D. *Request to Modify Defendant's Place of Detention*

 Jackson moves to modify the conditions of his detention; specifically, he requests that he be moved to a facility within Albany County, New York, to assist with his defense. Currently the defendant is detained in the Ulster County Jail, in Ulster County, New York. The Government has no objection to this request but notes that Jackson must not have any contact with the cooperating co-defendants Decker and Castro should they also be incarcerated in the Albany County jail. Because we lack the jurisdiction to order defendant to be transferred to another facility, his motion on this ground will be denied and his request will be referred to the appropriate agency.

## IV. CONCLUSION

Defendant's motion to dismiss the 2009 Indictment in its entirety on the grounds that it cannot relate back to the 2006 Superseding Indictment and is thus untimely will be denied because the 2009 Indictment does not materially broaden or substantially amend the 2006 Superseding Indictment. Therefore Jackson was on notice of the alleged crimes and the 2009 Indictment relates back to the 2006 Superseding Indictment which was within the five year statute of limitations.

Jackson's motion to dismiss Count One on the grounds that the 2009 Indictment violates the Fifth Amendment right to a Grand Jury because it fails to allege the mens rea of knowingly and willfully under the Hobbs Act will be denied because the required intent can be implied by the facts alleged in the 2009 Indictment.

Defendant's motion to dismiss Count Two on the grounds that it is duplicitous because it charges two distinct crimes; both the use of a firearm during and in relation to a crime of violence and the possession of a firearm in furtherance of

any such crime, will be denied because Congress did not intend for 18 U.S.C. § 924(c) to create two offenses. The statute creates one offense and specifies different acts or means by which it may be violated. Count Two of the 2009 Indictment alleges a violation of 18 U.S.C. § 924(c) by charging Jackson with doing any or all of the acts specified in the statute and is therefore not duplicitous. Further, any potential error may be avoided by utilizing specific jury instructions which can provide on which basis a jury may find the defendant violated 18 U.S.C. § 924(c).

Lastly, Jackson's request to be transferred to a facility within Albany County, New York, to assist with his defense will be denied as this is not the appropriate procedural vehicle for bringing such a request. His request will be conveyed to the appropriate agency.

Therefore, it is

ORDERED that

1. Defendant's motion to dismiss the Indictment in its entirety because the Indictment was returned beyond the five year statute of limitations is DENIED;

2. Defendant's motion to dismiss Count One on the grounds that Indictment fails to include the required mens rea element under 18 U.S.C. § 1951(a) is DENIED;

3. Defendant's motion to dismiss Count Two on the grounds that 18 U.S.C. § 924(c) creates two distinct offenses is DENIED; and

4. Defendant's motion to modify the conditions of his place of his detention is DENIED.

IT IS SO ORDERED.